Daniel, Judge
 

 The law authorises the defendant, in an action on a promissory note, or on a bill of exchange, where the suit is between the original parties, to give in evidence a total failure of the consideration, as a defence.
 
 (Greenleaf
 
 v. Cook, 2
 
 Wheat. 15.)
 
 But when the failure of consideration is partial, it is otherwise. The case of
 
 Morgan
 
 v.
 
 Richardson, (1 Camp.
 
 40,
 
 note,)
 
 was an action brought against the acceptor off a bill of exchange, at the suit of the drawer, the bill being payable to his own order ; defence, that the bill had been accepted for the price of some hams bought by the defendant from the plaintiff to be sent to the East indies, and that the hams had turned out so very bad, that they were not marketable. The sum for which they actually sold, was paid into court. Lord
 
 Ellenbo-rough
 
 held, that although an entire failure of the consideration of the hill, would be a defence to an action upon it by the original party, yet it was otherwise where the failure was partial, and that then the drawer must take his remedy by an action against the person to whom it was given.
 
 Tyre
 
 v.
 
 Gwyne,
 
 (2
 
 Camp.
 
 346,) was an action by the drawer and payee of a bill of exchange againt the acceptor; the defendant proposed to prove in mitigation of damages, that the bill bail been accepted for the price of a quantity of cheese, sold by the plaintiff to the defendant for exportation ; that the clu-ese was of a bad quality, and improperly packed, and that
 
 *392
 
 the consideration for tlie acceptance had in a great measure failed. Lord
 
 Ellenborough
 
 said, “ sitting here, I shall certainly adhere to the judgment of the court in
 
 Morgan
 
 v.
 
 Richardson.
 
 There is a difference between want of consideration, and failure of consideration. The former may be given in evidence to reduce the damages or defeat the plaintiff’s action
 
 ;
 
 the latter cannot, but furnishes a distinct and independent cause of action.— There is a distinction between the
 
 contract
 
 and the
 
 security.
 
 If part oí the contract arises on a good consideration, and part on a bad one, it is divisible. But it is otherwise as to the security, that being entire.” We think the judgment should be affirmed.
 

 Pee, Cueiam — Judgment: aeeiemed.