Nash, C. J.
 

 We think'there is error in the judgment of the Court below. In the month of August, 1850, Augustus Jones, now dead, and the plaintiff enterecbinto a parol agreement for the sale by Jones to the plaintiff, of a tract of land at a stipulated price. It was at the same time further agreed, that Jones should repair the plantation and houses which was to be done before the 1st of January, 1851, at which time the plaintiff was to be admitted into possession. The deed was executed and delivered in the same month of August, and at the time of its delivery, to a question put by the plaintiff, Jones answered he would have the repairs made by the time specified. Having failed to do so, this action on the case was brought. The evidence to prove this agreement as to the repairs was objected to, but received by the Court subject to the objection. The juiy having returned a verdict for the plaintiff, it was set aside, upon the ground that the evidence received was inadmissible, and a judgment of nonsuit given agaiust the plaintiff. In this there is error. It is true as a rule of evidence, that where a contract is reduced to writing, parol evidence cannot be received to contradict, add to, or explain it. The error here consists in considering the evidence in this case as offered for either of these purposes. It was offered to set up another and distinct part of the contract, which never was reduced to writing. A contract which was ancillary to the main one, which was the sale and purchase of the land, and so the parties treated it ,• for although the deed was drawn, signed and sealed at the time the trade was made, yet it was not delivered until some weeks after, and some months before Jones was bound to deliver it, and at that time the plaintiff asks him if he does not intend to make the re
 
 *370
 
 pairs as agreed, to which he replies he did. As soon as the deed was delivered to the plaintiff and he received it, the title passed to the latter unclogged with any conditions whatever; but it did not have the effect of discharging Jones from his obligation to put on the premises the agreed repairs. And as that contract was in parol, it might be proved by parol. Its existence added no new covenant to the deed made by Jones, nor did it contradict or explain any one that was contained in it. The action is maintainable upon the contract as to the repairs made at the time the deed was delivered. The principles decided in the case,
 
 Twidy
 
 v.
 
 Saunderson,
 
 9 Ire. 5, govern this case. That was an action upon the case to recover the value of a negro. The plaintiff had hired a negro to the defendant for a year, and alleged that it was understood and agreed between the parties, that he was not to be carried out of the county. He was carried out and was killed. The defendant contended that the contract of hiring was induced to writing, and that it contained no such stipulation. To sustain the defence he gave in evidence the note executed by him for the hire of the negro, in which there was no agreement such as the plaintiff relied on, and he objected to the parol evidence. It was admitted below and the opinion sustained here, upon the ground that the hire note was not a memorial of the entire agre'ement, but was simply a part execution of it on the part of the defendant. In one case the deed was but a part, execution of the agreement by Jones on his part, leaving a portion of it in
 
 parol;
 
 and the admission of parol evidence to prove it does not in any respect add to, alter, or explain it.
 

 Pee Curiam. Judgment reversed, and a
 
 venire de novo
 
 awarded.