Battle, J.
 

 The cases of
 
 Twidy v. Saunderson,
 
 9 Ire. Rep. 5, and
 
 Manning
 
 v. Jones, Bus. Rep. 368, recently decided in this Court, are similar in principle to the present, and must govern it. The contract of hiring was by parol, one term of which was that the boy Jack was not to be carried out of the County of Gates. The bond given afterwards by the defendant and his surety was not intended by the parties to reduce into writing all the terms of their contract, but mainly to secure to, the owners of the slave the price which the hirer had agreed to pay, and to provide that if the owners, who were executors, should take the slave away before the end of the year, then the sum to be paid was to be in proportion to the time the hirer should have kept him. The giving the bond was subsequent to the contract, and was a part execution of of it. This makes the case different from that of
 
 Pender
 
 v. Fobes, 1 Dev. and Bat. 250, where, upon the sale of a vessel, which was evidenced by a bill of sale, in which was contained a warranty of title only, the plaintiff was not permitted to prove by parol an additional warranty of soundness. There the parties intended that the bill of sale should be the evidence of the contract of sale between them. Of course, no
 
 *89
 
 additional term/should have been permitted to be added by parol testimony. But would tlie result bave been the same, had the sale been by parol, and the defendant given his note or bond to secure the payment of the purchase money? The note or bond, might, or might not, have expressed that the consideration for which it was given was fthe purchase of a vessel; but no one would have expected to find there the payers, obligees or warranty, either of title or soundness. Suppose, at the time’of hiring of a slave, a doubt should be expressed whether he was sound, and. the owner should warrant his soundness, would the note or bond given to secure the price preclude the hirer from proving the warranty by parol, and thereby prevent his recovery for a breach? We think no one will contend for such a proposition, and yet it is the same in principle with the case before us. There is no error.
 

 Pee CueiaM. . Judgment affirmed.