Battle, J.
 

 The terms of the written contract, by which the plaintiff agreed to purchase the defendant’s crop of cotton, certainly gave to each party the right to have it performed in a reasonable time. The place of performance was fixed upon in the written terms, but the precise clay was not therein specified, and yet, as the parties lived in different counties, and had to do concurrent acts, it was necessary that some day should be agreed on for that purpose. This must, of necessity, be clone by parol, or w© must hold that either had the power to nullify the contract, by refusing to fix upon the day by an agreement in writing. The counsel, for the plaintiff, does not insist upon this, blit admits that it might have been done by parol,
 
 after
 
 the time when the written contract of purchase and sale was entered into ;
 
 Shaw
 
 v. Grandy, ante 56. He objects, however, to the parol proof, that it was done at the time of the contract, because it was not inserted among the written terms, and would, therefore, have the effect to vary them. This, is, we think, taking too strict a view of the subject. It is conceded that parol testimony is inadmissible to contradict, vary or add to, a written instrument. To that effect, are all the cases, referred to by the plaintiff’s counsel; but in the very first one,, which he cites, to wit,
 
 Clark
 
 v. McMillan,
 
 *371
 
 2 Car. L. Eepos. 265, it is said that such testimony is admissi-sible to explain and elucidate a written contract left doubtful. Such, we apprehend, is the purpose of the parol testimony offered -in the present case. The written contract left the time of performance open and uncertain, and the proof was offered to show that a particular day had been agreed upon, to make certain, what was otherwise indefinite. This was not in any proper sense to contradict, vary, or add to, the written contract, but was rather to explain and elucidate what the parties meant by the reasonable time, implied in the written terms, and whether it was thus explained and elucidated' at the same time when the written contract was made, or at a subsequent time, cannot make any difference. It was error, therefore, in the Court to reject the testimony, for which the judgment must be reversed, and a new trial granted.
 

 Fee Cueiam. Judgment reversed.