## J. A. SHERRILL v. ADAM HAGAN.

*Statute of frauds—Contract—Consideration—Evidence.*

1. Where it is agreed between the vendor and purchaser of a tract of land, that the purchaser shall have it surveyed at his expense, and if it shall be found to contain a smaller number of acres than is called for by the deed that the vendor shall refund a *pro rata* part of the purchase money; *Held*, that such contract is founded on a sufficient consideration, and that it is not within the provisions of the statute of frauds.

2. In such case parol evidence is admissible to establish the contract.

(*Findly* v. *Ray*, 5 Jones, 125; *Watkins* v. *James*, *Ibid*, 105; *Brown* v. *Ray*, 10 Ired., 72; *Manning* v. *Jones*, Busb., 368; *Twidy* v. *Saunderson*, 9 Ired., 5; *Daughtry* v. *Boothe*, 4 Jones, 87; *Terry* v. *The Railroad*, 91 N. C., 236, cited and approved).

CIVIL ACTION, tried before *MacRae, Judge,* and a jury, at Spring Term, 1885, of CATAWBA Superior Court.

There was a verdict and judgment for the plaintiff and the defendant appealed.

*Messrs. Batchelor & Devereux,* for the plaintiff.
*Messrs. M. L. & George McCorkle,* for the defendant.

ASHE, J.   This was a civil action for the surrender and cancellation of a note and for money paid.

The plaintiff, in his complaint, alleged that he contracted with the defendant for a tract of land lying in the county of Catawba, known as the "George Hooper place," at the price of two thousand dollars, one thousand of which was paid in cash, and the balance secured by two notes, the one payable on the first day of March, 1883, and the other on the first day of January, 1884, each bearing interest at eight per cent. from the first of March, 1883.   That the defendant and his wife executed a deed for the land on the 29th day of December, 1882, and plaintiff paid the first of said notes about the time of its maturity, and about the first of March, 1883, paid the sum of three hundred dollars, which was endorsed on the second note.

That, at and before the date of the said deed, the defendant expressly agreed with the plaintiff that in case said tract of land did not contain as much as three hundred and fifty acres, the defendant would make good the deficiency and refund to the plaintiff the amount of the deficiency, to-wit: $5.71$\frac{3}{7}$ per acre for the number of acres between the number stated by defendant, which was three hundred and fifty acres, and the number that said tract actually contained. That he has had the land surveyed since the deed was delivered, and it was ascertained to contain only 298$\frac{3}{4}$ acres.

The plaintiff therefore prayed judgment

(1) That the defendant surrender the second note above described to be cancelled;

(2) For judgment for $91.21, the amount so overpaid, with interest thereon from the 1st of March, 1883, until paid;

(3) For costs of action, and for such other relief as he may be entitled to in the premises.

The defendant admitted the contract of sale as alleged by plaintiff, and that he and his wife executed the deed to the plaintiff on the 29th of December, 1883, and that he did say to the plaintiff that the land contained three hundred and fifty acres as he was informed by an old surveyor.

He admitted that some time before the 21st of December he did agree to guarantee the number of acres to be 350 if plaintiff purchased the land, but the plaintiff did not accept the offer, and there was then no trade. He denied that there was any contract made before the 29th of December, 1883, or that he agreed to make up any deficiency on the number of acres less than 350 at the time of the trade. He stated that he had no knowledge or information sufficient to form a belief as to the plaintiff's allegation with regard to the quantity of acres ascertained by the survey, and therefore held plaintiff to strict proof.

The following issues were submitted to the jury:

1. Did the defendant Hagan agree to pay or refund plaintiff $5.71 per acre for the difference between 350 acres and the num-

ber of acres actually contained in the land described in the pleadings, in case said land did not contain as much as 350 acres?

2. How many acres did the land contain?

3. How much does defendant owe plaintiff, if anything?

To all of which issues the defendant excepted.

The plaintiff testified in his own behalf that at the time of making the contract of sale, which was subsequently consummated by the defendant and wife, the defendant stated that the land contained three hundred and fifty acres, but upon the plaintiff expressing a belief that the land did not contain so many acres, told the defendant if he would have the land run out and it held out three hundred and fifty acres he would talk about the trade. Defendant replied, he would never pay a cent for the survey—that there were three hundred and fifty acres by actual survey, and that if he would take the land at the price, and have it run out at his own expense, whatever it lacked he would pay him in proportion, and at the time of executing the deed the defendant admitted that he had told M. O. Sherrill that he had made plaintiff a foolish proposition to make the land good for 350 acres and did not hold the plaintiff bound for the excess if it run out more than 350 acres, and that the defendant admitted after the deed was executed that he did tell the plaintiff if the land did not run out 350 acres he would make it good in proportion.

Plaintiff also offered the testimony of one L. A. Rudisill, that he heard the trade between the plaintiff and defendant throughout, in front of Mc. Sherrill's store, and Hagan told the plaintiff he could have the land for $2,000, and if it did not run out as much as 350 acres he would reduce the price in proportion.

Plaintiff further offered the testimony of the county surveyor, who testified that he had surveyed the land and it contained only two hundred and ninety-eight and a-half acres.

The defendant objected to all of the testimony offered by the plaintiff that it contradicted and added to the written contract as evidenced by the deed, and was, therefore, inadmissible. But the objection was overruled by the court, and the defendant excepted.

The defendant offered himself as a witness in his own behalf and testified that he did not agree to pay or refund, or be responsible to the plaintiff for any deficiency in the land, and that it was the express agreement and understanding between him and plaintiff that he bought the land by the plat which purported to contain 350 acres, and that he was not to be responsible for any deficiency in the number of acres. He also offered the testimony of several witnesses in confirmation of his testimony.

In reply, the plaintiff offered as a witness Miles Sherrill, who testified that defendant told him he had made a foolish trade with the plaintiff in that he agreed to make up the deficiency in a certain number of acres without having plaintiff agree to pay for the excess over the number.

The jury responded to the first issue, "yes."

To the second issue, "298½ acres."

To the third issue, "$294.06."

There was judgment upon the verdict in behalf of the plaintiff, and defendant appealed.

The defendant contended, first, that the action could not be sustained because the complaint does not set forth facts sufficient to constitute a cause of action, and second, because, the contract being such as is required by law to be in writing, it was error in the court to admit parol evidence to establish the contract; and third, because the deed executed by the defendant to the plaintiff contained the contract of the parties, it was error in the court to admit parol evidence to contradict, vary, or add to it.

The first objection of the defendant is without force.

The facts set forth in the complaint are sufficient to constitute a cause of action, if the agreement alleged was such as was not required by law to be put in writing. The defendants contended that it was a contract concerning an interest in land, and not being in writing was void under the statute of frauds.

The contract for the conveyance of the land was put in writing as evidenced by the deed, which passed the title to the land to the defendant, unclogged by any condition or stipulation. But the

undertaking to make good the deficiency in the number of acres was a distinct and independent contract, and did not purport or stipulate to pass any interest in the land, and, therefore, was not such an agreement as falls within the statute of frauds. It was a parol agreement and might be supported by parol evidence. It was in substance an agreement, that if the plaintiff would, at his own expense, have the land surveyed, and it should be ascertained to fall short of three hundred and fifty acres, the defendant would make good the deficiency, by deducting a proportionate amount of the price agreed to be paid for the land. It was a contract no more within the statute of frauds, than if the defendant had agreed with the plaintiff that if he would have the lands of a stranger surveyed at his own expense, so as to ascertain the number of acres it contained he would pay him one hundred dollars. Most clearly such a contract need not be in writing, and there is no doubt the plaintiff could maintain an action to recover the one hundred dollars, for it is a contract founded upon a sufficient consideration. So here, the defendant says to the plaintiff, "do you have the land surveyed at your expense, and if it falls short of three hundred and fifty in the number of acres, I will make good the deficiency in proportion." The plaintiff did have it surveyed and it fell short 51¼ acres. The trouble and expense of having the survey made was a sufficient consideration to support the defendant's promise. Trouble, loss or inconvenience is a sufficient consideration to support a promise, and it is not necessary that the person making the promise should receive or expect to receive any benefit. *Findly* v. *Ray*, 5 Jones, 125; *Watkins* v. *James, Ibid*, 105; *Brown* v. *Ray*, 10 Ired., 72.

But if there can be any doubt about this position, it was objected that the deed was the only legal evidence of the contract between the parties, and the evidence offered by the plaintiff and admitted by the court to establish the contract set out in the complaint, contradicted, added to, and varied the contract as evidenced by the deed. But the objection is not sustained. For conceding it to be all one contract, the deed is evidence of one part of the

agreement, and the promise to make good the deficiency in the number of acres is another part of the contract left in parol, so that the parol proof offered and admitted did not add to or contradict the deed.

In *Manning* v. *Jones*, Busb., 368, where A made a parol contract to purchase of B a tract of land at an agreed price, and B further agreed that he would put certain repairs on the premises before the 10th of January ensuing; afterwards, and before that day, B delivered to A the deed for the land, renewing the promise to make repairs; the repairs not being made, A brought *assumpsit* to recover damages, and on the trial offered to prove the agreement by a witness, when it was objected that the deed was the only legal evidence of the contract between the parties: It was held that the proof was admissible, the deed being an execution of one part of the agreement, the other having been left in parol; so that the proof offered was not to add to, alter or explain the deed. To the same effect are *Hone* v. *O'Malley*, 1 Min., 387; *Twidy* v. *Saunderson*, 9 Ired., 5; *Daughtry* v. *Boothe*, 4 Jones, 87; *Terry* v. *Railroad*, 91 N. C., 236.

It can make no difference whether the agreement to make good the deficiency constituted a part of the entire contract to convey the land or was an independent contract founded upon a sufficient consideration, it was competent to support it by parol evidence, and we are of the opinion there is no error.

The judgment of the Superior Court is affirmed.

No error.                                                    Affirmed.