R. B. McGEE v. W. P. CRAVEN.

*Contract for Sale of Land, Written and Verbal—Deed—Purchase-money—Consideration—Charge.*

1. In an action to recover the balance of purchase-money due on land, the issue was as to whether plaintiff agreed to remit a part of the purchase-money if there should be fewer than the given number of acres: *Held*, that the Court below properly refused to admit testimony to show the *value* of the land.

2. Where, in a contract for the sale of land, a deed passed conveying a specified number of acres, and the maker agreed, verbally, at the time of its execution, that he would make good any deficiency in the acreage: *Held*, such agreement was an inducement to the contract, and was a good defence, *pro tanto*, against the payment of the purchase-money.

3. This agreement to make good the *quantity* of land was not such as is required to be put in writing, under *The Code,* § 1554.

4. A contract respecting land may be part *verbal* and part in writing, unless the writing, by its terms, purports to embrace all the contract.

This was a CIVIL ACTION, tried at Fall Term, 1889, of MECKLENBURG Superior Court, before *Connor, J.*

The plaintiff brought this action to recover $300 due by note, less $68.25, balance of the purchase-money of a tract of land sold and conveyed by him to the defendant some time before the bringing of the action.

The defendant admitted the purchase of the land by him, the execution of the deed therefor, and the execution of the note, but he alleged as a defence "that the plaintiff agreed to sell to the defendant a tract of land containing 111 acres for $900; that a deed was made and duly executed, which was supposed to contain 111 acres, and delivered to the defendant; that, at the time it was delivered, it was agreed and understood between the plaintiff and defendant that the land was to be surveyed, and that all the purchase-money should not be paid until the land was surveyed to ascertain how many acres were in said tract," &c.

The answer was amended, without objection, so that it further alleged "that, after the execution and delivery of the deed, and before the due-bill or note in question was delivered, and before any part of the purchase-money had been paid, the plaintiff agreed with the defendant that the land in question should be surveyed, and, if there should turn out to be a less number of acres than 111 acres therein, that plaintiff would make it good to the defendant in the settlement of the purchase-money."

The Court submitted these issues to the jury:

1. "Was it agreed between the plaintiff and defendant, before payment of the purchase-money, that the land should be surveyed, and that if there was less than one hundred

and eleven acres, plaintiff would make the deficiency good to the defendant?

2. "How many acres were there in the tract?

3. "What amount, if any, is plaintiff due defendant on account thereof?"

The evidence produced on the trial was, in material respects, very conflicting. The defendant testified, in part, as follows: "Some time about August, 1888, plaintiff met me on the place; asked me if I wanted to buy it, and asked $1,000 for it; he said it was 111 acres; I told him I would give $900; he said he would see me again, and afterwards said he would take $900; I said 'all right'; about the first of November I came to town, saw Mr. Clarkson and told him I wanted $500; he asked me how much land I had, and I told him 111 acres; he said I could get it; plaintiff afterwards went with me to Clarkson's office, and said he would bring old deed to get a description of the land; plaintiff brought his deed, which called for one hundred acres, and said he had sold off a part; Mr. Clarkson drew up the deed from plaintiff to me and the mortgage I gave for the $500; Mr. Clarkson called McGee's attention to his deed, calling for 100 acres, and McGee explained it by saying that the land was not run when the deed was made; said the original deed contained 267 acres, and parts had been sold off; Mr. Clarkson said, 'You had better have the land run;' we agreed to do so; Mr. Clarkson gave me the check; I asked McGee if it did not run out right if he would make it right; he said that he would; this was before I paid him the money; in a week or so we had the survey made; the surveyor did not give us the figures that day; we made an arrangement by which the surveyor was to leave the plot at Mr. Clarkson's office; I offered to pay the balance, and he objected; the number of acres was an inducement to make the purchase."

The plaintiff proposed to prove by one witness the value of the land. Upon objection, the Court rejected the proposed evidence, and the plaintiff excepted.

His Honor charged the jury that, unless there was an express agreement between the parties before payment of the purchase-money that, if there was less than 111 acres, plaintiff would make the deficiency good to the defendant, they should answer the first issue No. That in arriving at a conclusion whether there was such an agreement, the jury should consider the whole testimony, and all the circumstances of the case, and if they should believe, by a preponderance of the evidence, that plaintiff did agree, before the purchase money was paid to him, to make good to defendant a deficiency in the number of acres, they should answer the first issue Yes.

The jury answered the first issue Yes; the second issue 82½; the third issue $230 85.

Motion for a judgment *non obstante veredicto* by plaintiff. Motion overruled.

There was judgment for the plaintiff for a small balance found to be in his favor, and he, having excepted, appealed to this Court.

*Messrs. H. W. Harris* (by brief) and *G. F. Bason*, for plaintiff.

*Messrs. H. C. Jones* and *C W. Tillett*, for defendant.

Merrimon, C. J.: The first exception is groundless, because the evidence proposed and rejected was irrelevant. The defendant's alleged claim did not depend upon the value of the land. Nor was it pertinent and proper to prove that the land was worth more than the price the defendant paid, or agreed to pay, for it, with a view to prove that the plaintiff did not agree to make good any deficiency in the quantity of the land embraced by the deed. In this view, the evidence

would only lay the foundation for a possible inference—an argument, a conjecture, adverse to the defendant—it would not legitimately prove a material fact.

The defendant alleged in the answer, substantial ground of defence, though not with such clearness and directness as he might have done. The Court could see its nature, scope and purpose; the plaintiff could put it in question; it could be litigated, and the Court could determine and administer the right as it might appear to be. Upon application of the plaintiff, or *ex mero motu,* the Court might have required the defendant to make his allegations more definite.

The defence alleged was, in substance and effect, that the plaintiff contracted to sell to the defendant a tract of land, designated, containing one hundred and eleven acres, for the price specified; that in this connection, and as part of the contract of sale, he agreed, at the time the deed of conveyance was executed by him, that if the tract of land did not contain the number of acres mentioned, he would account to the defendant for the deficiency—"make it good to the defendant in the settlement of the purchase-money"—the deficiency, if any, to be ascertained by a proper survey. The amendment to the answer was scarcely necessary. It only served to make more specific the allegation that the agreement as to any deficiency in the quantity of land relied upon as a defence was distinctly made and understood by the parties at the time the deed was executed, and before the purchase-money was paid. Its purpose was to help the allegation that the agreement relied on was a part of the contract of sale, not set forth in the deed, nor put in writing. That contract, in its scope and purpose, had reference to and embraced the land—the quantity, the price paid for it, the deed of conveyance, the agreement as to any deficiency in quantity, the payment at once of part of the purchase-money, and the note for the balance thereof. These things made up its whole, and the defendant alleges

the agreement as to the deficiency as a defence. The agreement so, and, as alleged, was supported by the consideration of the contract of sale—that recited in the deed—because it was a constituent part of that contract, and contemplated by it. The defendant clearly did not intend to allege an agreement separate, distinct and apart from the contract of sale of land.

No objection was made to the issues submitted to the jury. They were treated as sufficient to settle the material facts. As we have said, the evidence was very conflicting, but there was evidence tending to prove the defendant's alleged defence, and it was the province of the jury to determine its weight. The Court below, in the exercise of a sound discretion, might have set the verdict of the jury aside, if it deemed it against the weight of the evidence, but this Court has no such authority.

The statute (*The Code*, § 1554) did not require the agreement as to the quantity of land embraced by the contract of sale, or by the deed of conveyance, to be in writing. And such agreement may be part of a contract of sale of land not put in writing, because a contract may be partly and in some repects put in writing, and as to other parts and in other respects merely verbal. It would be otherwise, however, if the contract in writing, by its terms or nature, embraced the whole contract. *Manning* v. *Jones*, Busb., 368; *Sherrill* v. *Hagan*, 92 N. C., 345; *Michael* v. *Foil*, 100 N. C., 178; *Twidy* v. *Saunderson*, 9 Ired., 5; *Braswell* v. *Pope*, 82 N. C., 57; *Parker* v. *Morrill*, 98 N. C., 232.

Judgment affirmed.