P. N. LONG et al. v. W. A. FREEMAN.

*Contract—Estoppel by Deed—Receipt of Price.*

Where defendant gave to plaintiff and his wife a written agreement to
pay them during life, as rent on lands conveyed by the will of the
husband, "every year one-sixth part of all the produce raised on
said lands, any lands conveyed or which may be conveyed by
them, the rents to be paid of such lands," and plaintiffs thereafter
conveyed to defendant by deed the land the husband had set apart
to defendant by will, and in the deed acknowledged the receipt of
the purchase price: *Held,* that, no rights of third persons having
intervened, plaintiffs were not estopped to enforce the contract
for rents.

CIVIL ACTION, heard before *McIver, J.,* at Fall Term,
1893, of RUTHERFORD Superior Court.

The action was begun before a Justice of the Peace for
the recovery of the value of sixteen bushels of corn and
three bushels of wheat, due as rent on land conveyed to
the defendant by the plaintiff P. N. Long. The summons
was issued the 2d day of December, 1891, and at the trial
on the 11th day of December, 1891, the plaintiffs recovered
judgment for the sum of $11 and costs of the action. From
this judgment the defendant appealed to the Superior Court.
The defendant admitted that, if plaintiffs were entitled to
recover, they were entitled to recover $11. He also ad-
mitted that he signed a contract dated January 28, 1879,
which contract is as follows:

"We, the undersigned heirs of P. N. Long and Hannah
Long, bind ourselves to pay to said P. N. and Hannah
Long, as rent on lands conveyed to us in P. N. Long's last
will and testament, each the following amount for the pur-
pose of supporting them during their natural life-time, or
the life-time of either of them: Every year one-sixth part

of all the produce raised on said lands, any lands conveyed or which may be conveyed by them, the rents to be paid of said lands. This January 28, 1879.

" W. L. Melton,
" M. B. Melton,
" J. E. Melton,
" G. W. Panther,
" N. B. Panther,
" T. W. Long,
" W. L. Long,
" H. O. Long,
" J. A. Melton,
" L. A. Melton,
" F. M. Freeman,
" W. A. Freeman,
" S. B. Harris.

" Test: D. L. Melton.

" Proved before G. M. Hunt, Justice of the Peace, October 16, 1890; probated before R. W. Logan, Clerk Superior Court, October 27, 1890, and registered in office of Register of Deeds of Rutherford county on October 27, 1890."

No objections being raised to the aforesaid contract, the same was introduced as evidence.

Defendant did not deny said contract, and admitted the same. He also admitted being the son-in-law of plaintiffs.

The plaintiff P. N. Long, seventy-five years of age, being sworn, testified that, agreeable to a request of his sons, daughters, sons-in-law and daughters-in-law that he convey his lands to them during his life-time, he drew up a written agreement with them to furnish him and wife with one-sixth of all the produce raised upon said lands, as rent, for the support of himself and his wife; that said agreement

was the contract recited above; that W. A. Freeman, the defendant, signed the contract, and he conveyed to him two tracts of land, on one of which the defendant paid him rent as per said contract for four years, and on the other the defendant paid rent as per said contract for three years; that he told defendant if he paid him $160 he would not charge him rent: that defendant did not pay him said sum, and owed him rent as per said contract since 1891.

The defendant introduced two deeds, one from P. N. Long and Hannah Long to F. M. Freeman, and the other from P. N. Long to W. N. Freeman, both dated in 1886, and duly registered. He admitted the contract recited, but claimed that the deeds estopped plaintiffs from claiming rents from defendant, and that the deeds annulled contract for rent. He also claimed that the aforesaid contract could not apply to lands subsequently conveyed without expressly reserving rents as per said contract.

The plaintiffs claimed that said contract had express reference to any subsequent conveyances between the parties, as well as those conveyances made at the time of drawing up said conveyances or previous thereto.

The Court held with the plaintiffs and construed the said contract as binding upon the defendant for the payment of rents, as the said contract premeditated future conveyances and expressly referred to such conveyances. To this ruling of the Court the defendant excepted and appealed.

*Messrs. Forney & Gallert*, for plaintiffs.
*Messrs. McBrayer & Durham*, for defendant (appellant).

MacRae, J.: In 1879 the defendant and others agreed with plaintiffs to pay them one-sixth part of all the produce raised upon the lands "conveyed" by plaintiffs to said

defendant and others in P. N. Long's last will and testament. The agreement proceeds further: "Any lands conveyed or which may be conveyed by them (the plaintiffs), the rents to be paid of said lands." Though very inartificially drawn there is no difficulty in reaching the true construction of this instrument—that, if the plaintiffs' lands should be conveyed by deed to the parties thereto during the life of P. N. Long and wife, instead of being devised to them by will, the grantees should continue to pay to the grantors one-sixth of the produce raised thereon as rents.

We are of the opinion that there is no estoppel upon plaintiffs to claim the said one-sixth by reason of the acknowledgment of receipt of the purchase price named in the deed. If the provision for its payment had been expressed in the deed it would have been good. This agreement, however, was made long before the execution of the deed, and with express reference to that contingency, as if to avoid the contrary presumption which would have arisen upon the deed but for this provision. No rights have accrued to purchasers. The controversy is entirely between the parties to the original contract. There is nothing to hinder them from recovering upon the contract to pay rent in case there should be a conveyance. *Lane* v. *Wingate,* 3 Ired., 327. The plaintiffs do not dispute their own solemn deed, but allege another and independent contract. *Sherrill* v. *Hagan,* 92 N. C., 345.          No Error.