### W. W. JONES v. H. E. RHEA.

(Decided May 24, 1898).

*Action on Note—Contract—Defence—Partial Failure of Consideration—Parol Evidence of Contemporaneous Agreement.*

1. Where a contract is not required to be in writing, if the *entire* contract is not reduced to writing, the omitted part may be proved by parol, (although no fraud or mistake be alleged), not for the purpose of contradicting or explaining the written part, but to enable the jury to ascertain the entire and true agreement of the parties.

2. In the trial of an action on a note expressed to have been given for legal services rendered by the payee, the maker may show by parol evidence that the agreement was that the payee should attend to all her business in connection with her administration of an estate, and that a large amount of work remained to be done which he refused to do.

122—46

CIVIL ACTION tried before *Norwood, J.*, and a jury at August Term, 1897, of BUNCOMBE Superior Court. The facts appear in the opinion. There was judgment for the plaintiff, and the defendant appealed.

*Messrs. Adams & Carter* and *Jones & Boykin* for plaintiff.

*Mr. W. J. Peele* for defendant (appellant).

FAIRCLOTH, C. J.: Plaintiff sues to recover the amount due on three promissory notes of defendant. The notes read as follows:

"Twelve months after date, with interest from date, at the rate of 8 per cent. per annum, I promise to pay W. W. Jones, or order, the sum of six hundred dollars for services rendered me as attorney in the settlement of the estate of H. K. Rhea, deceased. Witness my hand and seal the 13th day of November, 1893.

                                 H. E. RHEA.    [Seal]."

The defendant admits the execution of these notes, and avers that she gave the notes "with the understanding and agreement that he would attend to all her business in connection with and growing out of the administration of the estate of H. K. Rhea, deceased, until the administration of the estate was completely wound up; that the estate has not been wound up, that there is a large amount of work yet to be done, and that the plaintiff has withdrawn from her case and refuses any longer to be her counsel and attorney." She also pleads partial failure of consideration, non-performance of agreement by plaintiff and payment for all services rendered.

On the trial the defendant offered to show by parol that part of the agreement was not expressed in the

notes, and to support all of her averments by parol. Her offer was not allowed, and objections to her evidence were sustained. Judgment for plaintiff and appeal by defendant.

The plaintiff contends that the notes, being a higher grade of evidence, are the only competent evidence of the contract. The defendant insists that the notes express only a part of the contract, and that parol evidence is admissible to show the entire contemporaneous agreement. The competency of this evidence is the question presented.

A hasty reference to the decisions on this subject sometimes leads to the conclusion that they are irreconcilable. There may be some conflicts, but a careful application of the correct principles of law will dissipate most of the seeming contradictions. The distinction must be kept in mind in each case. One of those principles is that where the entire contract is in writing, the writing cannot be contradicted by parol, because the latter is a lower grade of evidence, by reason of the fact that the fallibility of human memory weakens the effect of such testimony. Another principle is that where the entire contract is not reduced to writing, evidence of the omitted and cotemporaneous part is competent, although not omitted by mistake or fraud, not for the purpose of contradicting or explaining that which is in writing, but for the purpose of enabling the jury to ascertain the entire and true agreement of the parties. The writing stands and the parol proof supplies the omission, and thus the intent of the parties is made manifest.

Another principle is that a total failure of consideration may be given in evidence to defeat the action on a note, but it is otherwise where there is only a partial

failure. *Washburn* v. *Picot*, 14 N. C., 390; *Johnston* v. *Smith*, 86 N. C., 498.

These principles, we assume, will not be disputed by any lawyer who has a rag of his gown on his back, but the trouble arises in their application to the facts in each case. We must assume the averments of the defendant to be true, for the reason that she offered to prove them and was not allowed to do so, and that is her exception.

In *Daughtry* v. *Boothe*, 49 N. C., 87, a slave was hired out publicly, and one of the terms of hiring was that the slave was not to be carried out of that county. A note for the hire was executed, reciting the other terms, but omitted the stipulation above mentioned. It was shown that the slave was carried into the swamps of another county, and it was alleged that thereby the health of the slave was greatly impaired. An action was instituted for breach of the hiring contract, and defendant put the note in evidence as the contract. Plaintiff offered parol evidence of the omitted stipulation as a part of the contract. The evidence was admitted, and this Court affirmed the ruling.

In *Johnston* v. *McRary*, 50 N. C., 369, the terms of a contract, for the sale and purchase of a cotton crop, were all reduced to writing and signed by the buyer, except as to the time of delivery. It was held competent to prove by parol that at the time the written contract was entered into, a day was fixed for the delivery of the cotton. These decisions have been repeatedly approved by this Court. Womack's Digest, 4404, 2083. These cases support the defendant's contention in the present case.

To avoid the appearance of overlooking the plaintiff's authorities, we will examine them:

*Moffitt* v. *Maness*, 102 N. C., 457—This was to fore-close a mortgage without any note secured, except as recited in the mortgage. The opinion is a general ex-pression of law, citing a list of cases on divers ques-tions. Referring to the facts and conclusion of the Court, the case seems to decide that a written contract cannot be contradicted by parol proof, which is admitted. The case was peculiar. No note was produced, and the mortgage contained a positive *promise* to pay a *definite* sum. The answer denied the execution of the bond and mortgage, and set up no equitable defence whatever, and the Court said: "We must, therefore, determine the question in its *legal aspects alone.*"

In *Manning* v. *Jones*, 44 N. C., 368, the Court said the evidence "added no new covenant, nor did it contra-dict or explain any one that was contained in it" (the deed).

In *Sherrill* v. *Hagan*, 92 N. C., 345, Ashe, J., said in reference to Manning's case, *supra:* "It was held that the proof was admissible, the deed being an execution of one part of the agreement, the other having been left in parol. So that the proof offered was not to add to, alter or explain the deed." There was no suggestion of fraud or mistake. The defendant on the trial offered to prove that it was agreed that the mortgage should cover whatever should be found to be due upon a settlement. The Superior Court excluded the evidence, and this Court "modified and affirmed the judgment."

*Taylor* v. *Hunt*, 118 N. C., 168—This is like *Moffitt v. Maness, supra*, in which the Court says: "While it is true that where a contract is not required to be in writ-ing, if the *entire* contract is not reduced to writing, the other part may be proved by parol. *Nissen* v. *Mining Co.*, 104 N. C., 309."

*Meekins* v. *Newberry*, 101 N. C., 17—This was an action for damages resulting from breach of contract. Plaintiff put in evidence a receipt, reciting various things agreed to. Defendant offered to show some unwritten part. This Court held the evidence incompetent on the ground that the paper writing "purports by its terms and the nature of the things agreed to be done to embrace the *whole* agreement of the parties. It implies completeness."

*Harris* v. *Murphy*, 119 N. C., 34—This was an action for work and labor done, and the defendant resisted parol evidence and put in a receipt for part payment, which receipt recited the contract. Plaintiff replied that some time *after* the written contract these parties verbally agreed to modify the said agreement and make some changes in the work, and agreed on the price of certain work, resulting from the change, and offered evidence of the modified and *subsequent* agreement. This Court held the evidence competent.

These cases relied on by the plaintiff do not conflict with the principle announced in *Daughtry* v. *Boothe*, *supra*, but recognize and are consistent with it.

In an action for specific performance of a contract under seal, parol evidence is admissible to defeat the demand for equitable relief, because a court of equity may grant or withhold such relief in cases where it seems just. *Herren* v. *Rich*, 95 N. C., 500. Under our present system, the defence may be had in different ways, that is, by counter-claim, by an independent action for the breach of the agreement, or by plea in the nature of recoupment, as in the present case.

As the exclusion of the defendant's evidence was erroneous, she is entitled to a new trial.

Error.