W. E. QUIN v. J. A. SEXTON.

(Decided December 12, 1899.)

*Promissory Note Under Seal—Contemporaneous Agreement*
*—Evidence.*

1. Where the plaintiff and defendant, as a speculation, bought land under mortgage, and sold the same, taking a note from the purchaser payable to defendant, and expecting to pay off the mortgage out of the proceeds of the note when collected, and the defendant gave his note, under seal, to the plaintiff for an amount representing his share in the purchase note, with the express agreement that it was to be paid out of the proceeds of the purchase note when collected, and not otherwise, and the purchaser became insolvent and never paid any part of his note, and the land was sold under the mortgage, and brought nothing over, evidence of the whole transaction was competent as a defense to the note in suit.

2. The evidence of the mode of payment did not alter or contradict the written contract contained in the note in suit, but was a different contract, not put in writing. *McGee v. Craven*, 106 N. C., 351.

CIVIL ACTION upon a note under seal, tried before *Brown, J.,* at WAKE Superior Court, May Term, 1899.

The execution of the note by the defendant was admitted.

The plaintiff here rested his case.

It was admitted that the contract was made in the State of Alabama; that plaintiff, Quin, was a citizen of, and defendant, Sexton, was temporarily residing in Alabama, at the time of the contract.

The defendant offered to testify in his own behalf, and was asked to state any agreement or understanding that existed between himself and the plaintiff contemporaneously with the execution and delivery of the note sued on.

To this testimony the plaintiff objected. Objection was overruled, and the plaintiff excepted.

The testimony of the defendant was as follows:

"The plaintiff owned an one-eighth interest in a tract of land, and I owned seven-eighths. We sold it to Thomas B. Kelly for $14,000. We took Kelly's notes—no cash was paid. I proposed to have one note made to Quin by Kelly for his share. Quin asked me not to do that, but to give him my note for an amount representing Quin's interest, with the distinct understanding that the note he was to give should not be paid until the Kelly notes were paid; and that then my note was to be paid only out of proceeds of Kelly notes. I agreed to this, and gave the note sued on upon those conditions.

"The Kelly notes proved insolvent. I never collected a cent on them, and never could.

"The land we sold Kelly was under mortgage when we sold it to Kelly, and plaintiff knew it. It was afterwards sold under this mortgage, and Kelly lost the land, and we lost Kelly's notes, as he was wholly insolvent."

To the admission of the foregoing evidence the plaintiff duly objected. Objection overruled. Plaintiff duly excepted.

The defendant put in evidence The Code of Alabama, Vol. I, 1886, sec. 2667 (2981), p. 593, which is as follows:

"The defendant may by plea impeach or enquire into the consideration of a sealed instrument in the same manner as if it had not been sealed."

The Court submitted the following issues to the jury:

1. At the time of the execution and delivery of the note sued on, was it understood and agreed between plaintiff and defendant that said note was given by defendant to represent plaintiff's interest in the Kelly notes, and defendant's note

should be paid only out of proceeds of Kelly notes, and not paid until Kelly notes were collected? Answer.

2. Have the Kelly notes or any part thereof been collected by defendant; if so, what part? Answer.

The plaintiff duly objected to the submission of these issues; objection overruled, and plaintiff excepted.

The Court intimated that it would charge the jury that if they found the facts to be as testified to by defendant, Sexton, they should answer the first issue, "Yes," and the second issue, "No."

The plaintiff excepted, and submitted to a nonsuit, and appealed.

*Messrs. R. T. Gray,* and *R. O. Burton,* for appellant.
*Messrs. Shepherd & Busbee,* and *Armistead Jones,* for appellee.

FURCHES, J. Plaintiff alleges that on or about the 28th day of July, 1890, the defendant, being indebted to him in the sum of $1,647, executed to him his promissory note therefor; that said note was under seal, due twelve months after date, with interest from date; that plaintiff lives in Alabama, and that this is an Alabama contract.

Defendant answered, admitting that he executed the note, and that it had not been paid; but sets up new matter in his answer as a defense to the plaintiff's right of action, in which he says that, in fact, he was not owing the plaintiff anything when this note was given, and that the same is without consideration. The defendant further alleges that he and the plaintiff, by an agreement previously entered into, purchased a tract of land on speculation—the plaintiff's interest being one-eighth, and the defendant's interest being seven-eighths thereof; that there was a mortgage on said land for a large

amount when they bought; that they sold this land to one Kelly, on time, expecting to satisfy and remove this mortgage with the purchase money received from Kelly; but Kelly failed, became insolvent, did not, and could not, pay the purchase money or any part thereof; and for this reason the plaintiff and defendant were not able to pay the mortgage; that the land was sold thereunder, bringing only a sufficient amount to pay the mortgage debt, and Kelly lost the land, and the plaintiff and defendant lost their debt.

That when they sold the land to Kelly, by agreement between plaintiff and defendant, Kelly made the note for the purchase money to the defendant, and the defendant gave the note sued on to the plaintiff for his part of the purchase money, but with the distinct understanding and agreement that it was only to show the plaintiff's part of the price for which they had sold the land. And it was distinctly agreed that the note was to be paid out of the purchase money when received from Kelly, and that it was not to be paid until the purchase money for the sale to Kelly was paid; that no part of the purchase money has ever been paid, and never will be paid, as Kelly is utterly insolvent and nothing can be made out of him by legal process.

The defendant went upon the witness stand and testified to the facts stated above. The plaintiff objected to this evidence upon the ground that the note sued on was the written contract of the defendant, and that he could not add to, vary or contradict the same by oral evidence. The plaintiff's objection was overruled, and the plaintiff excepted.

The plaintiff offered no evidence in reply or rebuttal of this evidence of defendant, and the evidence was closed.

The Court then intimated the opinion that it would charge the jury, that if they believed the evidence, they should find for the defendant. Upon this intimation the plaintiff took a nonsuit, and appealed.

It can not be disputed but what the matter testified to by the defendant, as to what the contract was between him and the plaintiff, had it been reduced to writing as a part of the contract, either as a condition in the note or a defeasance in another paper, would have constituted a good defense to the plaintiff's action.

The only question then is, is this parol evidence competent? And this question depends upon the fact as to whether in varys or contradicts the note sued on.  The plaintiff contends that it does; that the note states that defendant owes the plaintiff $1,640; that the note is under seal, which imports a consideration, and this can not be contradicted by defendant.

We agree with the plaintiff in these contentions that a note under seal imports a consideration, and none need be shown. We also agree with the plaintiff that the defendant can not add to or contradict a written instrument (the note) by parol evidence.   This seems to be established law in this State, and as we agree with the plaintiff in this contention, we cite no authority to support a proposition so well established as this seems to be.

But the defendant contends that his evidence does not change or contradict the note sued on; that he does not deny the note; but he says that it did not contain the contract between him and the plaintiff that he has testified to, nor was it intended by the parties that it should do so; that there is no statute requiring that said contract should be in writing, and, as no part thereof was reduced to writing, there is no legal reason why he may not testify to the same.

While we agree with the plaintiff that a written contract can not be added to or contradicted by parol evidence, we also agree with the defendant that the contract which his uncontradicted testimony establishes, if believed, is a different contract from that contained in the note sued on.   According to

the terms of this contract, the note sued on was *not to be paid until the purchase money for the land sold to Kelly was paid,* and the uncontradicted testimony of the defendant is, that not a dollar of that money has ever been paid, and not a dollar will ever be paid.

This doctrine seems to be well sustained, if not settled law in this State. In *McGee v. Craven,* 106 N. C., 351, where the plaintiff sold the defendant a tract of land at the price of $900, the defendant paying part of the purchase money and giving his note for the balance of the purchase money, this note was not paid at the time stipulated therein, and the plaintiff brought suit upon it for its recovery. The defendant answered, admitting the execution of the note, but alleged that it was given in part payment of a tract of land purchased from the plaintiff, supposed to contain 111 acres; that at the time the note was given it was agreed by the plaintiff that said note should not be paid until the land was surveyed, and if, upon a survey, the land did not run out 111 acres, the plaintiff would deduct from the note the deficiency according to the price agreed to be paid per acre; that the land had been surveyed and failed to measure out 111 acres, and the defendant claimed a deduction from the face value of the note to this amount. The plaintiff there, as here, objected to this evidence as contradicting and varying the written contract (the note sued on), but the Court overruled the objection. The defendant was allowed, under the charge of the Court, and the finding of the jury, the deduction claimed for the deficiency in the quantity of land sold, as was agreed by the parties. The plaintiff appealed to this Court, where the ruling of the Court below was sustained—the Court citing as authority in support of its opinion the cases of *Manning v. Jones,* 44 N. C., 368; *Doughtery v. Boothe,* 49 N. C., 87; *Twiddy v. Saunders,* 31 N. C., 5; *Wall v. Pope,* 82 N. C., 57; *Parker v. Merrill,* 98

QUIN *v.* SEXTON.

N. C., 232; *Michael v. Foy,* 100 N. C., 178; *Sherrill v. Hogan,* 92 N. C., 345.   And in the case of *Sherrill v. Hogan,* in support of the same proposition, the Court cites *Hon v. O'Mally,* 1 Maine, 387; *Twiddy v. Saunders, Doughtery v. Boothe,* and *Manning v. Jones, supra; Terry v. Railroad,* 91 N. C., 236.

We could multiply authorities to a very great length from our own reported cases, besides text-writers and decided cases from other jurisdictions, to support this proposition, but the doctrine seems to be so well settled here and elsewhere that we deem it unnecessary to do so.

The defendant introduced the statute of Alabama, which he claims authorized the Court to inquire into the considera- tion of the sealed note.   But we have not thought it necessary to consider that statute.

We think that we may say that the doctrines contended for by both plaintiff and defendant are recognized as established law in this State, and do not conflict with each other.   The trouble (if there be trouble) is in their application.   But, by keeping the two principles well in mind, we think this may be done without any great difficulty.

Holding, as we do, that the defendant's evidence was com- petent to prove the contract that the note sued on was not to be paid until the Kelly note was collected, and it being shown that no part of that note has ever been paid, and that it can not be collected, the judgment of nonsuit must be affirmed.

Affirmed.