HARDWOOD LOG CO. v. COFFIN.

(Filed June 19, 1902.)

1. CONTRACTS—*Parol Evidence.*

> Where it appears that a written instrument was not intended to be a complete and final statement of the whole contract, parol evidence is competent to establish a separate oral agreement as to which the instrument is silent and which is not contrary to its terms nor their legal effect.

2. PARTIES—*Deceased—Personal Representatives—Partnership.*

> Where a firm is a party plaintiff and a member of the firm dies, his personal representative should be made a party.

PETITION to rehear this case as reported in 126 N. C., 1153, is allowed.

*Shepherd & Shepherd,* and *Dillard & Bell,* for the petitioners.

*Merrimon & Merrimon,* in opposition.

COOK, J. This case was heard at February Term, 1900, upon an appeal from the judgment affirming the report of the referees. The judgment in the Court below was affirmed (126 N. C., 1153), and it is now before us upon a petition to rehear. The errors assigned upon which a rehearing is asked are:

1. That the contract of the 15th of September, 1894, was partly written and partly unwritten, and was so found by the referees, and that the error consists in their conclusions of law, in that, as they held, "the evidence upon which the finding of fact is based is incompetent, as its effect is to allow parol testimony to vary, contradict and add to the written contract (of September 15, 1894), which, in the judgment of the referees, was a complete contract, containing no latent ambiguity, which parol evidence is admissible to explain."

2. For error in rejecting the evidence to prove the verbal agreement relating to furnishing additional machinery to the defendants, which plaintiff testified was made in addition to the written contract.

3. For error in holding that the damages based upon the findings of the referees would be speculative merely.

4. For error in allowing defendants credit for $825, for the cost of the storehouse, which was built in the prosecution of the work under the contract, and also for new machinery to the amount of $500.

5. For error in not remanding the case in order that the personal representative of George Hegemeyer might be brought into Court, as said deceased was a party to the contract.

Considering 1 and 2 together, we find from the written contract of September 15, 1894, under which both parties admit the work was performed (and plaintiff's attorneys agreed that plaintiff would be bound by it), it to be therein stated and provided that "and in the event the parties of the second part (defendants) not having enough funds to make the necessary improvements required to manufacture said lumber, the parties of the first part (George Hegemeyer & Son) agree to advance to said parties of the second part such sums of money as may be required, the necessity of such advance is to be subject at all times to the approval of the parties of the first part. The said advances, if any are made, are to be raised in the manner following: The parties of the second part are to make their negotiable promissory notes for the amount or amounts required, the said notes to be made payable to the order of the parties of the first part, and discounted by the parties of the second part, the said notes to be secured by the amounts then due and to become due from the parties of the first part to the parties of the second part." This part of the contract is alleged to have been by parol,

changed and modified, to-wit, by defendants drawing draft on Hagemeyer & Son, instead of by giving notes, and the amounts thereon advanced are found to have been made without giving the notes. And the referees find therein that "according to the written contract of September 15, 1894, the plaintiffs were to furnish the defendants a reasonable amount of money to facilitate the work mentioned in said contract, and the referees find that $10,000 would have been a reasonable amount." But the amount actually furnished in cash, merchandise and drafts was only $4,997.22, as found by the referees.

So it appears from the report of the referees (findings of fact No. 1) that they did find the facts to be that plaintiffs did agree, by parol, to furnish defendants the sum of $10,000, as alleged by them, but that the evidence (parol) upon which it was found was incompetent, and (No. 2) that plaintiffs did not agree to furnish defendants any machinery, and this finding is based upon the same ground as finding No. 1, that is, that parol evidence was not competent to prove the same.

The questions herein raised are, First, is parol evidence competent to explain or show what amount of money was agreed upon to be advanced? Second, Is parol evidence admissible to show that the entire contract was not reduced to writing and incorporated in the contract of September 15, 1894, and that an "additional" contract was made.

Defendant Coffin testified that there was an "additional" contract made, which had not been reduced to writing, outside of what was written."

"They were to furnish us $10,000, or the required amount for us to cut and saw 50,000 feet of lumber a day;   *   *   *   this money matter was all opinion, but it was thought it would take at least ten thousand dollars to do it; they agreed to furnish $10,000 or more if it should be required."

"By the Court: 'What parol contract was not reduced to writing ?' Ans.: 'The furnishing of the money and the amount, and the amount of lumber to be produced every day, and some other items, and drafts were agreed to instead of notes, as the contract called for, and the machinery was to be furnished to us.   \*   \*   \*   They were also to furnish the required machinery in addition to what we had on hand."

Hagemeyer testified that there was no agreement by which they were to furnish $10,000 or more money—none whatever —nor to furnish any machinery for the mill, nor concerning the amount of lumber to be sawed per day, but "agreed verbally that if we should receive the trusteeship of this property and could sign that proposed contract (the one of September 15, 1894), as trustees we would advance them, after they had expended the moneys they had at that time for the lumber they had on hand, from $4,000 to $5,000, within 60 or 90 days."

Upon exceptions by plaintiffs, the *entire* evidence as to the "additional agreements" and as to that part of the contract alleged to have been made and not reduced to writing, was excluded, and the findings of fact by the referees, upon which their final report was based, were made without reference to the same; and in excluding and refusing to consider such evidence, there was error.

The rule, as stated in Abbott on Trial Evidence, page 294, and cited with approval in *Colgate v. Latta,* 115 N. C., 127 (on pages 134 and 135), 26 L. R. A., 321, is: "A written instrument, although it be a contract within the meaning of the rule on this point, does not exclude evidence tending to show the actual transaction in the following cases:   \*   \*   \*   (6) Where it appears that the instrument was not intended to be a complete and final statement of the whole transaction, and the object of the evidence is simply to establish a separate oral agreement in the matter as to which the instrument is silent, and which is not contrary to its terms nor to their

legal effect." So, also, in *Cumming v. Barber,* 99 N. C., 332, it is held that, if the entire agreement was not reduced to writing, parol evidence is competent, not to contradict, but to show and make certain what was the real agreement of the parties. And to the same effect is *Twidy v. Saunderson,* 31 N. C., 6 ; *Manning v. Jones,* 44 N. C., 368.

In the case at bar, defendants allege, and over evidence to show, that the sum to be advanced under the contract was to be afterwards settled upon, and that the contract did not contain all of their agreement, but that a part, as to the machinery and quality of yield of lumber to be made per day, was not incorporated in it, and was an additional contract. If this be so, then it was proper to be shown under the above cited authorities ; and there was error in excluding such evidence.

As the findings upon damages and the items of $850 and $500, embraced in the third and fourth assignments, are involved in and dependent upon the terms of the contract, in the establishment of which there was error, and the same will hereafter have to be ascertained, we will not rule upon them in their present shape.

As to the fifth assignment: It appears from the summons that "George Hagemeyer and Caster Hagemeyer, together with the estate of George Hagemeyer, deceased, partners under the firm name of George Hagemeyer & Sons," were plaintiffs, and it inferentially appears that the deceased, George Hagemeyer, was alive at the time of the execution of the contract and a party to it; and if this be so, then his personal representative is a necessary party and should be so made.

For the errors above pointed out, the petition is allowed.