ISAAC BROWN et al. v. D. W. HOBBS.

(Filed 11 March, 1908).

**Lands—Contract to Convey—Agreement as to Profits—Parol Evidence—Statute of Frauds.**

> Plaintiffs and defendant entered into a written contract that the former should convey to the latter certain lands for the sum of $1,500, with the further agreement by parol, not reduced into writing or intended so to be, that defendant, as a part of the consideration for the contract, was to sell the land at a profit beyond that sum and divide it. Defendant accordingly induced plaintiffs to convey the lands to him, and thereafter sold them at a profit: *Held*, (1) evidence of the oral agreement did not tend to contradict or vary the written instrument; (2) the oral agreement, if established, was enforcible as to the profits already made, did not affect a conveyance of lands, and was not within the provision of the statute of frauds.

CIVIL ACTION, tried before *Biggs, J.,* and a jury, at August Term, 1907, of the Superior Court of DUPLIN County.

The plaintiffs, Brown and wife, on 28 July, 1905, agreed in writing to sell and convey to the defendant a tract of land for $1,500, and at the same time, and for the purpose of inducing the plaintiffs to make the agreement, the defendant promised and agreed on his part, by parol, that he would pay to the plaintiffs, when he sold the land, one-half of the amount he received therefor in excess of the sum of $1,500, which was the consideration stated in the contract. On 31 August, 1905, the plaintiffs, at defendant's request, conveyed the land to him in accordance with the terms of the contract. There was full proof by the plaintiffs of the fact that there was an

agreement to divide all that was received by the defendant for the land above $1,500. The land was afterwards sold by the defendant, Hobbs, for $2,275. The defendant objected to the evidence as to the agreement. His objection was overruled and he excepted. He also moved to nonsuit the plaintiffs, and for an instruction that, if the jury believed the evidence, they should answer the issue "No." The issue and answer thereto were as follows: "Is the defendant, D. W. Hobbs, indebted to the plaintiffs, and, if so, in what amount?" Answer: "Yes; $387.50, with interest from September 1, 1905." The motion and instruction were refused, and the defendant excepted. Judgment was entered upon the verdict, and the defendant appealed.

*F. R. Cooper* for plaintiffs.
*Stevens, Beasley & Weeks* for defendant.

WALKER, J., after stating the case: It is contended by the defendant's counsel that the parol agreement, which was permitted to be proven, varied and contradicted the written contract between the parties, and that it is also within the statute of frauds, declaring void contracts for the sale of land. We do not think that either position is tenable. Indeed, both questions have been conclusively determined the other way by our decisions, as will clearly appear by reference to a few of them.

In *Michael v. Foil,* 100 N. C., 178, it appeared that, at the time of the delivery of a deed for land, and as a part of the inducement for its execution, it was orally agreed between the vendor and vendee that, if the vendee should sell an interest in the land during the vendor's life, he would pay the vendor one-half of the amount received therefor, and, upon this state of facts, the Court held that such an agreement could be shown by oral evidence, that it did not vary or contradict the contract of sale or the deed, and that it was not within the statute of frauds. Upon substantially the same state of facts,

in the case of *Sprague v. Bond,* 108 N. C., 382, this Court made the same ruling as in *Michael v. Foil. Justice Shepherd,* for the Court, said: "The enforcement of the alleged agreement, after the sale of the land, does not in any respect impinge upon the terms of the conveyance, but relates entirely to the payment of the consideration. It is true that the plaintiff could not have compelled the defendant to execute her agreement to sell the land, as there was no enforcible trust, and the agreement was within the statute of frauds, but this part of the agreement has been voluntarily performed, and the other part, not being within the statute, may now be enforced." The Court, in that case, refers with approval to *Hess v. Fox,* 10 Wendell, 436, in which *Savage, C. J.,* said: "No question can arise on the validity of the agreement to sell. That was performed, and the remaining part was to pay over money, supported by the consideration of land conveyed to the promisor." In *Trowbridge v. Wetherbee,* 93 Mass. (11 Allen), 364, the Court thus stated the law upon a state of facts similar to those we have in this case: "The defendant's promise was a part of the consideration for which he obtained his deed, and it does not follow as matter of course that an agreement to pay a consideration for a conveyance of land is within the statute. In this case the defendant did not agree to convey any part of the land to the plaintiff, but to sell and convey it to some other person and pay the plaintiff his share of the net proceeds in money. The first part of this promise, namely, the promise of the defendant to sell the land, was within the statute, and, if he had refused to sell, the plaintiff could not have maintained an action to enforce the promise to sell. But the promise to sell has been performed, and when a promise which was within the statute has been performed, the contract is no longer within the statute. If some of the stipulations in a contract are within the statute and others are not, and those which are within it have been performed, an action lies upon the other stipula-

tions, if they are separate." See, also, *Stone v. Dennison,* 13 Pick., 1, and *Page v. Monks,* 5 Gray, 492. The same state of facts appeared in *Miller v. Kendig,* 55 Iowa, 174, wherein it was said: "But there is nothing in the agreement set out in this case from which it can be gathered, even by implication, that the defendant was obligated to sell the land. He had the fullest liberty to appropriate the land solely to his own use, or make a gift or devise of the same, or transmit it to his heirs. Such being the fact, it is impossible to say that the plaintiff retained an interest in the land. The agreement entered into between the parties pertained merely to the purchase price." But the identical question which is raised in this case was decided in *Bourne v. Sherrill,* 143 N. C., 381, in which *Justice Hoke* said: "The consideration arose at the time of the sale and as part of the inducement thereto. The conveyance, the purpose of which was to pass the title, is allowed its full operation, and is, therefore, in nowise contradicted. And the agreement enforced by this recovery attached to the proceeds from and after the sale, and was not, therefore, concerning land, or any interest therein, within the meaning of the statute of frauds." The cases cited seem to be direct authorities against the contention of the defendant.

The agreement between the parties that the defendant would pay to the plaintiff one-half of the excess received by him if the property was resold, while an inducement to the execution of the contract and deed, was collateral to and independent of them, and was not intended by the parties to be reduced to writing, and, not being such an agreement as the statute of frauds requires to be in writing, the case would seem also to fall within the principle established in the following cases: *Log Co. v. Coffin,* 130 N. C., 432; *Deaver v. Deaver,* 137 N. C., 246; *Evans v. Freeman,* 142 N. C., 61; *Typewriter Co. v. Hardware Co.,* 143 N. C., 97. It was said by *Justice Burwell,* for the Court, in *Colgate v. Latta,* 115 N. C., 127, that "A written instrument, although it be a

contract within the meaning of the rule on this point, does not exclude evidence tending to show the actual transaction in the following case: Where it appears that the instrument was not intended to be a complete and final statement of the whole transaction, and the object of the evidence is simply to establish a separate oral agreement in the matter, as to which the instrument is silent, and which is not contrary to its terms nor to their legal effect," citing *Cumming v. Barber,* 99 N. C., 332, and Abbott on Trial Evidence, p. 294. See, also, *Twidy v. Saunderson,* 31 N. C., 6; *Manning v. Jones,* 44 N. C., 368. The agreement is also within the general principle that a promise by the vendor is enforcible when made at the time of the execution of a deed for the land which he has sold to the vendee; that if there should be a deficiency in the acreage the vendor will make a ratable reduction in the price and pay the difference to the vendee, which was decided in *Sherrill v. Hagan,* 92 N. C., 345; *McGee v. Craven,* 106 N. C., 351; *Currie v. Hawkins,* 118 N. C., 593.

We are of the opinion, both upon principle and authority, that the decision of the court below was correct.

No Error.