ELVADA BUNN v. M. G. TODD, Administrator of JAMES TODD.

*Sale of Land of Decedent by Heir after Two Years from Qualification of Administrator—Liability for Debt of Decedent.*

1. The purchaser of land from an heir or devisee more than two years after the issuing of letters testamentary, etc., if *bona fide* and without notice, gets a good title against the creditors of the devisor or ancestor, but the devisee or heir holds the price received for the land in lieu thereof, and subject to the claims of such creditors, just as the land would have been held if not so sold.

2. Where the heir, being also administrator of the decedent and having notice of a claim against his ancestor, sold land descended to him more than two years after the death of such ancestor, and took a note for the purchase-money payable to himself as guardian for wards to whom he was personally indebted by note, and neither the purchaser nor the wards had notice of the claim of a creditor of decedent, and the heir's note to the wards had not been cancelled, and the guardian bond was solvent: *Held*, that the proceeds of the sale of the land are applicable to the payment of the debts of the intestate.

CIVIL ACTION to subject the proceeds of a sale of land to the payment of the debts of a decedent, heard before *Hoke, J.*, at February Term, 1894, of WAKE Superior Court, upon the following agreed statement of facts:

At October Term, 1889, of the Superior Court of Wake County, Elvada Bunn brought an action against M. G. Todd, administrator of James Todd, and the heirs at law of James Todd, to recover the sum of $500 which James Todd in his lifetime held as trustee of Elvada Bunn. At April Term, 1892, a judgment was rendered in favor of the plaintiff for $922, and in the said judgment it was declared that the lands of James Todd in the hands of heirs at law, and those holding under them •with .notice of said claim should be subjected to the payment of said judgment. This judgment is referred to and made a part of this agreement of facts. That in pursuance of said judgment, Lots Nos. 3 and 4 of the lands of James Todd in the hands of his heirs at law were sold for $400, and the proceeds, less the cost of sale, was applied to the payment of said judgment, which leaves a balance of $____, with interest of $____ from the __ day of ____.

That the defendant M. G. Todd, who is one of the heirs at law of James Todd, was appointed guardian of the Nowell children before said action was brought, and gave his bond as guardian, which is now solvent, one of the sureties to which was Dr. J. E. Todd. That before this action was brought, and before J. E. Todd had any notice of the claim of Elvada Bunn, but after M. G. Todd had such notice, and

before this suit was brought, M. G. Todd was indebted to his wards in the sum of $400. That M. G. Todd sold to James E. Todd the tract of land which he held as heir at law of James Todd, being Lot No. 6 referred to and described in the complaint in said action, which is referred to for a description of said land, for the sum of $364. That said M. G. Todd, guardian of the Nowell children, advanced to J. E. Todd $36, and took a bond from said J. E. Todd payable to said M. G. Todd, guardian of the Nowell children, for $400, which was the amount then due to them. This note included the purchase-price of said land and the $36 mentioned.

That the Nowell children had no notice of the claim of Elvada Bunn, and the said Todd, guardian, secured said note by a mortgage on the said Lot No. 6, and also on another tract of land, but the second tract will not pay the amount of said bond for $400.

That at the time M. G. Todd took said bond from J. E. Todd, payable to M. G. Todd, guardian of the Nowell children, and at the time of the execution of the mortgage to secure the same, M. G. Todd had notice of the claim of Elvada Bunn upon which said judgment was rendered; but at the time of the sale of the Lot No. 6 by M. G. Todd to J. E. Todd, and at the time of the execution of the bond and mortgage, neither J. E. Todd nor the Nowell children had any notice of said claim, but M. G. Todd did have notice at the time of said sale to J. E. Todd of Lot No. 6 of the said claim of Elvada Bunn.

That said M. G. Todd has never credited their note, and it is now in the hands of the Clerk of this Court to abide this action. That the said M. G. Todd has never settled with his wards.

The question submitted on these facts is, who has the right to said note of J. E. Todd, except the $36, Elvada Bunn or the wards of M. G. Todd, the said Bunn claiming $364 of the said note, with interest on same, being the purchase-price of the land sold to J. E. Todd, as above set out?

That M. G. Todd is insolvent.

That M. G. Todd is still administrator of James Todd, deceased, and was at the time of giving the note and mortgage of J. E. Todd.

There is no property of the estate of James Todd to pay Elvada Bunn, except this bond.

That J. E. Todd purchased the land from M. G. Todd, for which the bond for $400 was given, more than two years after the qualification of the administrator of James Todd, and that J. R. Todd was not one of the heirs at law of James Todd.

That the administration of the estate of James Todd by M. G. Todd, his administrator, had not been settled at the time of said sale to J. R. Todd by M. G. Todd.

*Messrs. W. N. Jones* and *Strong & Strong* for plaintiff (appellant).

*Messrs. J. B. Batchelor* and *J. C. L. Harris,* for defendant.

SHEPHERD, C. J.: The sale of the land by M. G. Todd, one of the heirs at law of James Todd, having been made more than two years after the grant of letters of administration, for value and without notice, was valid as to the purchaser, and it is now sought to subject the proceeds of such sale in the hands of the said heir to the payment of the outstanding indebtedness of the estate.

It is insisted by counsel that the proceeds in such cases cannot be so subjected, and that the liability of the heir is personal only. Although this question was not the distinct ground of decision in *Winfield* v. *Burton,* 79 N. C., 388 (the proceeds being in the hands of an assignee of the heir), it cannot be denied that the contention of counsel is sustained by what is said in the course of the opinion. But it is not a little remarkable that in the same volume (in *Badger* v. *Daniel,* 372), a contrary view is declared by the Court, through the same justice who delivered the opinion in the former

case. The Court said: " Whitfield held the land as Henry Joyner did, and sales by Whitfield after the two years passed unencumbered estates to his vendees, Whitfield holding the price paid him *in lieu of the land and subject to its liabilities*." This view is fully adopted by the Court in *Davis* v. *Perry*, 96 N. C., 260, where the foregoing language is quoted with approval. The opinion sustains the principle succinctly stated in the head-note, as follows: " Where a devisee or heir at law sells land derived from the devisor, or ancestor, more than two years after the issuing of letters testamentary, etc., to a *bona fide* purchaser for value and without notice, such purchaser gets a good title against the creditors of the devisor, or ancestor, but the devisee or heir holds the price received for the land in lieu thereof, and subject to the claims of such creditors, just as the land would have been." And again, in *Arrington* v. *Arrington*, 114 N. C., 151, after declaring that one who purchased of the heir after two years, and gave his note for the purchase-money was a purchaser for value, the Court distinctly stated that the creditor could subject " the purchase-money, or its securities in the hands of the vendor." This principle being determined, its application to the facts of the case before us is quite easy. Here the heir was *also* the administrator, and had notice of the claim of the plaintiff against his ancestor. It is his duty, the personal assets being exhausted, to apply the proceeds of the sale to the outstanding indebtedness of the estate; but, instead of doing this, he attempts to apply them to the settlement of a debt due by him to his wards, the Nowell children. Procuring a note for the purchase-money to be made payable to himself, as the guardian of these children, did not constitute them assignees for value so as to preclude the rights of the plaintiff, as it is expressly found as a fact that the note due by him to the said children has never been credited or surrendered, and that he has never settled with them. The said note is now in the hands of the Clerk, and the bond of the guardian is solvent.

These children have parted with nothing, and their claim is still subsisting and can be collected. *Holderby* v. *Blum*, 2 Dev. & Bat. Eq., 51. To take the proceeds of the sale of the land, which the administrator holds in trust by virtue of his office, and apply them to the payment of his own debt instead of the indebtedness of the estate would, under the circumstances of this case, be contrary to the plainest principles of equity. We think the plaintiff was entitled to judgment.

Reversed.