THOMAS JOHNSON v. THE SOUTHERN RAILWAY COMPANY.

(Decided April 5, 1898).

*Action for Damages—Master and Servant—Vice-Principal—Injury to Employee of Railroad Company—Negligence—Motion to Dismiss—Hinsdale's Act.*

1. A section master of a railroad company, having the right to employ and discharge employees sustains the relation of vice-principal to a hand employed by him and working under his orders.

2. When a motion is made to dismiss an action, as upon judgment of non-suit, upon the conclusion of a plaintiff's evidence, as provided for by Chapter 109, Acts of 1897, the evidence must be taken most strongly against the defendant and every fact that it reasonably tends to prove must be taken as proved.

3. Where, in the trial of an action for damages for personal injuries resulting from the alleged negligence of the defendant, the plaintiff's evidence was that he, as a section hand employed by a section master of defendant, went, while off duty, to a station on defendant's line, three miles west of the section house, to get his wages; that the section master who was there with the hand-car, and the other men, ordered him to help run the car back to the section house to do what would require about 20 minutes; that the section master was informed that the fast mail train, then due, was behind time and had not passed, but he, nevertheless, ordered the hand car to be put on the track, saying they would have time; that the plaintiff assisted in running the car with his back to an approaching train, and when they had gone about 100 yards the section master cried out "Look, men ! there comes the engine ! Get

the car off!"; that when the hands got one end of the hand-car off the track and plaintiff and another were trying to get the other end off, the other hand fell, jerking plaintiff down, and plaintiff was struck by the engine of the approaching train. *Held,* that the question of defendant's negligence should have been submitted to the jury, and the dismissal of the action, as upon judgment of non-suit, was error.

CIVIL ACTION for damages tried at February Term, 1898, of Rowan Superior Court, before *McIver, J.*, and a jury. The material facts appearing from the plaintiff's testimony are set out in the opinion. At the conclusion of the plaintiff's evidence, his Honor granted the defendant's motion to dismiss the action, as upon judgment of non-suit, under Chapter 209, Acts of 1897, and plaintiff appealed.

*Messrs. Lee S. Overman* and *Long & Long* for plaintiff (appellant.)

*Messrs. Chas. Price* and *George F. Bason* for defendant.

FURCHES, J.: On December 21st, 1895, one Adams, a section master on the defendant's road, with his crew, went to Salisbury to get pay for their services as employees of the defendant. Adams and the other members of the crew, except the plaintiff, went on a hand car but the plaintiff walked ; that while the plaintiff was in the employ of the defendant, as a section hand, and had been for some three years, he was not on duty that day ; that they were delayed in getting their pay and did not get away from Salisbury until 9 o'clock or later ; that their section quarters was some three miles east of Salisbury, and it would take them about 20 minutes to make the trip on the hand car. Adams told the plaintiff that evening that he wanted him to go back with them that night, as he wanted the plaintiff to help run

the car. A little while before they left for home, the plaintiff went down to where the hand car was and found the other hands there, but Adams, the "boss," was not there. In a short time Adams came and one of the hands told him that the fast mail train, then past due, was behind time and had not passed. Adams said: "Put the hand car on the track;" that they would have time to get out, and he would keep a lookout for the expected train. They put the hand car on the track, Adams and the crew got on, the plaintiff working at the "pump" with his back towards the approaching train. They had gone about 100 yards when Adams said "look, men, there comes the engine;" "get the car off." They all got off, and the hands on the rear end got off the track, and the plaintiff and Lee Kerr, another hand, were trying to get the front end off, when Lee Kerr fell; this jerked the plaintiff down, and he was struck by the engine of the approaching train and badly injured. It was in evidence that there were several crossings, not far from the place of the injury, but the defendant failed to sound the whistle.

It was in evidence that Adams had the right to employ and discharge the hands who worked under him, and did hire and discharge such hands. The plaintiff offered evidence of his injuries and closed, and the defendant moved to dismiss the plaintiff's action under the Acts of 1897, Chapter 109.

The plaintiff was an employee of the defendant, although he had not been at work on the day of the injury. He was so regarded by Adams, the boss, who told him that he wanted him to go back with them to help work the hand car. While in the broad or catholic meaning of the word, Adams and the plaintiff were

fellow servants, (*Pleasants* v. *Railroad*, 121 N. C., 492; *Oakes* v. *Mase*, 165 U. S., 363; *Norfolk & Western R. R. Co.* v. *Pendleton*, 156 U. S. 667,) still Adams was the vice-principal of the plaintiff, and the defendant is liable for his negligence. *Logan* v. *Railroad*, 116 N. C., 940 —a case in which the facts are very much the same as in this case. *Logan* v. *Railroad*, has been cited in *Williams* v. *Railroad*, 119 N. C., 746 ; *Turner* v. *Lumber Co.*, Ibid, 387; *Barcello* v. *Hopgood*, 118 N. C., 712, at page 730, *Tillett* v. *Railroad*, Ibid 1043 and *Styles* v. *Railroad*, Ibid 1090.

In cases of demurrer and motions to dismiss under the Act of 1897, the evidence must be taken most strongly against the defendant Every fact that it reasonably tends to prove must be taken as proved, as the jury might so find. *Bazemore* v. *Mountain*, 121 N. C., 59; *Spruill* v. *Ins. Co.*, 120 N. C., 141; *Ice Co.* v. *Railroad*, and *Whitley* v. *Railroad*, at this term and cases there cited.

Under this rule of construction, it seems to us that there was sufficient evidence of negligence on the part of Adams in starting when he did, and under the circumstances he did, in the night time, upon a curve in the road, so that the approach of the expected train could not be seen, and in his ordering the crew to remove the hand car from the track, to entitle the plaintiff to have a jury pass upon the question as to the defendant's negligence. *Hinshaw* v. *Railroad*, 118 N. C., 1047; *Ice Co.* v. *Railroad*, and *Whitley* v. *Railroad*, *supra*.

If there was negligence of the plaintiff, it was not of such a character as the court should have passed upon, but it should have been submitted to the jury. *Hinshaw* v. *Railroad*, *White* v. *Railroad*, *Ice Co.* v. *Railroad* and *Whitley* v. *Railroad*, *supra*.

And, as the learned counsel for the defendant digressed

in his argument to animadvert upon what the court said in the case of the *Ice Co.* v. *Railroad*, in reference to the Act of 1897, we take occasion to commend that opinion to his favorable consideration.

The case should have been submitted to the jury under proper instructions from the court, and there was error in dismissing it.

New trial.