BARNHARDT & CO. v. THE STAR MILLS (Corporation).

(Decided December 13, 1898).

*Novation.*

1. The discharge of a debt due from one man and charging it to another man with the consent of all the parties concerned, illustrates the doctrine of novation. The discharge of the original debtor is a sufficient consideration for the promise of the substituted debtor to assume the debt.

2. While this is permissible between individuals, yet the president of a corporation cannot, without a just consideration moving to the body, create an indebtedness against it by undertaking to assume for it a liability for an individual debt of his own.

CIVIL ACTION on a money demand tried before *Green*, J., and a jury at March Term, 1898, of MECKLENBURG Superior Court, on appeal from Justice's court.

The Star Mills was a corporation, and its president was W. M. Crowell, who owned 70 out of 72 shares of

BARNHARDT *v.* STAR MILLS.

its capital stock; the other two shares stood in the name of two other stockholders—one share to each—for which they had paid nothing.

The validity of the corporation, however, is not now in question.

It was admitted by both parties, that the account sued on in this case was for goods sold and delivered to W. M. Crowell, individually, solely on his individual credit, and that the ledger of plaintiffs will show that on 15th March, 1897, the balance on W. M. Crowell's account was charged to the Star Mills, which closed the account. Whether this was done with the consent of Crowell, the evidence was conflicting.

His Honor charged the jury as follows:

If the jury believe from the evidence, that the balance of Barnhardt & Co's. original account against W. M. Crowell was a valid indebtedness on March 15, 1897, and that Barnhardt & Co., the Star Mills, and W. M. Crowell then agreed that this balance should be charged against the Star Mills, and the account against said Crowell should be closed and extinguished, and that Barnhardt & Co., accepted the Star Mills as their debtor instead of W. M. Crowell, then, the jury should find that the Star Mills owes the plaintiff the amount of this balance of the account.

Defendant excepted.

Verdict and judgment for plaintiff. Appeal by defendant.

*Messrs. Burwell, Walker & Cansler*, for defendant (appellant).

*Mr. H. W. Harris*, for plaintiff.

MONTGOMERY, J.: It is an admitted fact in this case that the debt which is sought to be recovered was origi-

nally a balance due by W. M. Crowell to the plaintiffs, and that it was contracted for goods sold and delivered to him by the plaintiffs. The credit was extended by the plaintiffs to Crowell on his own personal account. It is a further admitted fact that the amount due to the plaintiffs by Crowell was afterwards charged on the ledger of the plaintiffs to the Star Mills, an incorporated business company of which Crowell was president. On the trial, T. M. Barnhardt, one of the plaintiffs, testified that when the account on the plaintiff's books against Crowell was charged to the defendant, the Star Mills, it was done by agreement between the plaintiffs and Crowell; that Crowell told the plaintiffs that all the goods which he had bought on his own personal account from the plaintiffs were bought in reality for the Star Mills, and that the corporation got them. The witness also testified that, if those statements had not been made to him by Crowell, he would not have made the transfer of the accounts. He further said that he did not know that Crowell was insolvent at the time the account was charged to the defendant, but he knew that he could claim his exemptions and that the corporation could not. The testimony of Crowell, a witness for the defendant, was contradictory of Barnhardt's in all of its material particulars. There was evidence tending to show that the capital stock of defendant company consisted on 72 shares, 70 of which were subscribed by Crowell and the other two shares by two other persons (one share each), and that the two other subscribers to stock simply subscribed for the purpose of organizing the corporation, and had never paid any thing on their shares; and that Crowell had had the management of the business of the corporation since its formation.

The plaintiffs however are not seeking to treat the

corporation as a fraudulent contrivance to defeat credi-
tors, as well as an abuse of the statutory law authoriz-
ing the formation of corporations, but they recognized
the legality of its organization and insist on making a
recovery of their debt out of its assets.    The basis of
their claim rests entirely on the doctrine of novation,
and the well considered argument of their counsel, here,
was directed along that line.    The plaintiff's contention
is that upon the satisfaction and discharge of the ac-
count of Crowell to the plaintiffs and the charging of
the account to the defendant by the direction of Cro-
well, who was the president and manager of defendant
corporation, Crowell was discharged and the debt be-
came, by novation, a debt against the defendant.    Such
a transaction between individuals undoubtedly would
have the effect to discharge the original debtor and to
charge the new promisor.    The consideration which
would support the promise to pay under the novation
would be the injury or hurt the promisee would have
sustained by his having discharged his original debtor
at the request of the promisor, and upon the agreement
that he would assume the debt.    That is familiar learn-
ing and needs no authority for its support.    But the
matter presented here for decision is very different from
that.

The question here is, can the president, even though
he be the business manager, of a corporation, without a
just consideration moving to the body, create an indebt-
edness against it by undertaking to assume for it liabil-
ity for an individual debt of his own?    We are of the
opinion that he cannot.    The president or managing
agent of a corporation, as a general rule, can only use
his power to advance the interest of his principal, the
corporation and for no other purpose.    Morawitz on

Private Corporations, Sec. 517 and 518. His Honor substantially instructed the jury to the contrary, and in so doing there was error.

New trial.