## JOHN UNDERWOOD v. GERMANIA LIFE INSURANCE COMPANY.

### (Filed 31 March, 1910.)

**1. Insurance—Principal and Agent—Loan to Agent—Principal's Liability—Consideration.**

Checks of an insurance company signed by one agent, payable to another, and by him indorsed to one who knowingly advanced money, at the time, to the latter to enable him to remit to the company and due it by him as such agent, may not be collected by suit of the indorsee against the company, there being a failure of consideration moving to the company.

**2. Insurance—Principal and Agent—Scope of Authority—Evidence—Hearsay—Statement of Vice President.**

Hearsay evidence of a statement of a vice president of an insurance company that its agent had authority to borrow money in its behalf is incompetent; and, not being within the usual scope of such agencies, it must be shown by direct evidence.

APPEAL by plaintiff from *Lyon, J.,* at October Term, 1909, of CUMBERLAND.

The facts are stated in the opinion of the Court.

*Cook* and *Davis* for plaintiff.
*Q. K. Nimocks* and *John W. Hinsdale* for defendant.     .

CLARK, C. J.  This is an action on two checks, for $500 each,
drawn by the cashier of the Memphis agency of the defendant
company in favor of R. B. Hall, its manager for North Caro-
lina and Tennessee, and indorsed by him to the plaintiff.  The
plaintiff testified that Hall "told me he had to get off a balance
to his life insurance company, and if I would arrange to let him
have $1,000 he would return it to me."  No other consideration
was shown.  The plaintiff was a local agent of defendant com-
pany at Fayetteville, N. C.

In brief, the manager of the defendant company, unable to
remit the balance due by him to his company, borrowed $1,000
of the plaintiff, and afterwards indorsed to the plaintiff the com-
pany's checks which he had caused a local agency to draw in
his favor for the amount.  If this was the transaction, there is
no shadow of a consideration to the company for the two checks.
There is no evidence that the company owed Hall the $1,000 for
which these checks were drawn.

The loan was a personal debt of Hall, and the plaintiff knew
the money was to be used to square Hall with his company, and
he knew that Hall had no right to repay him with the company's
checks.  His Honor properly nonsuited the plaintiff.  The
money, on plaintiff's own testimony, was not borrowed in the
name or on the responsibility of the company, besides there is
no evidence that it was within the scope of his agency to bor-
row money for the company, and certainly without express au-
thority this was not within the function of an insurance agent.
It was not error to reject hearsay evidence of the subsequent
statement of a vice president of the company to prove such
authority.  If the agency had such unusual scope it should have
been shown by direct evidence.

There is no evidence that any part of this $1,000 was ever
sent the company, though if the money had been sent to the
company by Hall to make good his balance this would not have
created any indebtedness by the company to repay the plaintiff
the money borrowed from him by Hall.  What benefit could it
be to the company to receive what Hall owed it, if thereby it
became indebted to the plaintiff in that amount?  There is no
evidence that the company, if it received the money, knew that
Hall had borrowed it of the plaintiff.

There is no evidence of ratification by the company and Hall
had no authority to give the company's check for his individual

liability. *Barnhardt v. Star Mills*, 123 N. C., 431; *Sprinkle v. Indemnity Co.*, 124 N. C., 410. The other exceptions require no discussion.

The judgment of nonsuit is
Affirmed.