ROBERT KELLY v. YADKIN RIVER POWER COMPANY.

(Filed 20 November, 1912.)

**Master and Servant — Negligence — Safe Place to Work — Night Work—Lights—Blasting—Evidence—Questions for Jury—Nonsuit.**

In an action for damages for personal injuries negligently inflicted, there was evidence tending to show that the plaintiff was required to work, on a dark, cloudy night, in digging holes, for the defendant power company for the erection of electric towers, about 6 or 7 feet deep, where blasting was being done; and while the plaintiff was digging in one of these holes he was told by defendant's foreman to "come out of the hole," as blasting was then to be done in two others; that the plaintiff at once came out of the hole he was digging, but the foreman, with the other men, had run away with the only lantern there, leaving him in darkness, so that in running from the place of danger he fell across a sill which had been left over the opening of a hole,

to his injury: *Held,* it being the duty of the defendant to have provided the plaintiff with a safe place to get away from the hole, its failure to supply a light, under the circumstances, was actionable negligence; and under the conflicting evidence in this case, it presented a question for the determination of the jury; and a judgment of nonsuit was erroneous.

APPEAL by plaintiff from *Peebles, J.,* at July Term, 1912, of LEE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Hoyle & Hoyle for plaintiff.*
*McIver & Williams for defendant.*

CLARK, C. J. This is an action for personal injury. The plaintiff's witnesses testified that they were required by the foreman to work at night, digging holes for the erection of steel towers. These holes were 2 by 4 feet and 6 to 7 feet deep. Four holes were being dug, and the plaintiff was digging in one of them when the blast was to be set off in two others. According to plaintiff's testimony, the foreman started off with the only lantern, and said, "Come on out of the hole." The plaintiff got out, and, when he did so, found that they had all gone with the light, and not knowing which way to run, he started to run towards the receding lantern, and fell on a tie that was lying across one of the holes already dug, which was 7 feet deep, 4 feet long, and 4 feet wide. He says it was a cloudy night; that there were no lights about the hole and nothing around it to keep him from falling in, and that when he fell in he was very seriously injured; that after he fell into the hole he got out before the blast went off; that he could not get out of his own hole (which was then 6 feet deep) in time to start when the rest did, and that when he got out the rest were all gone.

The evidence for the defendant is sent up, and if believed by the jury would tend to show that the defendant was not negligent, and that the plaintiff was guilty of contributory negligence. But upon the close of all the evidence a nonsuit was directed, and the case must be taken solely upon the evidence

most favorable to the plaintiff and with the most favorable inferences that the jury could reasonably have drawn therefrom. *Morton v. Lumber Co.,* 152 N. C., 54; *Johnson v. R. R.,* 122 N. C., 955, and cases there cited. If there is conflicting evidence, the motion will be denied. *Gates Co. v. Hill,* 158 N. C., 584.

If the evidence for the plaintiff renders it probable that the defendant neglected its duty, it is for the jury, not for the court, to decide whether it did so or not. *Fitzgerald v. R. R.,* 140 N. C., 535. "An employer owes to his employee the duty to be reasonably careful to provide safe appliances and machinery, a safe place in which to work, and a reasonably safe way for getting to and from his work." *Myers v. Lumber Co.,* 131 N. C., 252.

Taking the case in the aspect of the evidence most favorable to the plaintiff which could have been found by the jury, the plaintiff while working in a hole 6 feet deep and near two blasts which were about to be shot off, was told by the foreman to "run." But before he could get out to run, the foreman had run away with the only light and left him in darkness. The plaintiff knew that it was time to run, and not to stand on the order of his running. In the darkness and confusion he fell into another hole and was injured. It is true that if there had been daylight or other sufficient light, he might have seen the hole and have avoided falling into it. It is also true that he scuffled out before the blast went off. But in the darkness, not knowing how soon the blast would go off and not having light sufficient to see the hole, he fell in and, according to his testimony, was injured. The defendant should have provided a sufficient light or the foreman should have held his light until he had seen that the plaintiff could have gotten into a safe place. It may be that he did so. But it is otherwise, if the jury should believe the plaintiff's evidence.

There was sufficient evidence of negligence to carry the case to the jury. The judgment of nonsuit is

Reversed.