### C. M. PALMER v. R. L. LOWDER AND WIFE.

(Filed 18 November, 1914.)

1. **Contracts, Written—Substitution by Parol—Principal and Agent—Broker's Commission—Statute of Frauds—Evidence.**

   An agreement made between the owner of lands and a broker, that the latter should sell the lands divided into lots, etc., and receive as compensation for services to be rendered the difference between an agreed price and that which the lots would bring at the sale, does not come within the meaning of the statute of frauds requiring the contract to be reduced to writing; and where performance of the contract is sought by the broker, it is competent for the defendants to show that the written contract had been subsequently abandoned and a new contract substituted by the parties by parol, which the plaintiff had refused to carry out.

2. **Contracts, Written—Statute of Frauds—Entire Contract—Parol Evidence.**

   When specific performance of a written contract is sought, which the law does not require to be in writing, it is competent for the defendant to show, when it does not vary or contradict the writing, that the entire agreement between the parties had not been embraced in the written contract, and that it in part rested in parol.

3. **Reformation of Instruments—Equity—Mutual Mistake—Parol Evidence.**

   Where the specific performance of a written contract is sought in an action, it is competent for the defendant to show by parol evidence the omission of certain parts of the agreement by mistake or inadvertence of the parties, their draftsman, or agent, in drawing up the instrument.

APPEAL by defendants from *Shaw, J.,* at February Term, 1914, of STANLY.

*R. L. Smith and Jerome & Price for plaintiff.*
*R. E. Austin, J. R. Price, and R. Lee Wright for defendants.*

CLARK, C. J.  This is an action for specific performance of a contract to sell land.  The plaintiff was a real estate agent in Albemarle, and testified that he had no interest in the land except to sell it as a broker. The plaintiff and defendants entered into a contract relative to the lots in question in which it was agreed that the plaintiff should have the lots laid off, streets run, blocks made, and a map of the property, one of which should be turned over to the defendants, and the plaintiff was to put certain lots on the market at certain prices, and all over and above these particular prices the plaintiff was to have for his services.  R. E. Austin, attorney, was requested to reduce the agreement to writing.  The defendants contend that he put only a portion of the contract in writing, which, hurriedly signed by defendants, was left in the attorney's hands with instructions not to be delivered to plaintiff till further instructions from the defendants, but by some means the plaintiff obtained possession of it and put it on record.  The defendants further contend that the words "to him or" which were interlined were not put there by their authority.

The defendants further contend that a difference having arisen between the parties, they later orally agreed to abrogate the written contract and made a new contract.

There was evidence from Mrs. Lowder that the plaintiff told her of this new contract which he had made with her husband, and stated the substance of the new contract, which he went over and which was entirely inconsistent with the contract sued on; that the plaintiff told her the details of this new contract, which she recited.  The plaintiff objected to this evidence, and it was excluded, and defendants excepted.  This exception must be sustained.  "When the contract is wholly executory, a mere agreement between the parties that it shall no longer bind them is valid, for the discharge of each by the other from his liabilities under the contract is a sufficient consideration for the promise of the other to forego his rights"; and the Court further said: "Such subsequent oral agreement may enlarge the time of performance or may vary other terms of the contract or may waive and discharge it altogether.  The term cancellation of a contract implies a waiver of all rights thereunder by the parties.  If, after a breach by one of the parties, they agree to cancel it and make a new contract with reference to its subject-matter, that is a waiver for any cause growing out of the original breach.  And this is the rule, even though the original contract was under seal."  *Lipschultz v. Weatherly,* 140 N. C., 365; *Brown v. Lumber Co.,* 117 N. C., 287.  The exclusion of this evidence was a material error, and entitles the defendants to a new trial.  She also testified that the plaintiff told her the same thing in another conversation, and when she asked him for

the old contract, he had answered: "Mrs. Lowder, I destroyed that when we went into the new contract, because it was no good." This evidence was struck out, which was also error.

In *Adams v. Battle,* 125 N. C., 158, the Court holds that in many cases an instrument under seal may be released or discharged by parol agreement or a contract subsequently entered into, notwithstanding former rulings to the contrary. The court below evidently erred by supposing that this was a conveyance, or a contract for an interest in land, which required an instrument under seal to reconvey. It was, however, merely a broker's agreement to sell the land, he agreeing to act as agent for a certain compensation and the other parties agreeing to pay that compensation.

In *Harris v. Murphy,* 119 N. C., 34, the Court says: "The rule that parol evidence will not be permitted to contradict, modify, or explain a written contract does not apply where the modification is alleged to have been made subsequent to the execution of the contract." In *Robinet v. Hamby,* 132 N. C., 356, citing *Holden v. Purefoy,* 104 N. C., 167, it is said: "The parol waiver of a written contract to convey land, amounting to a complete abandonment, will bar specific performance. But the acts and conduct constituting such abandonment must be positive, unequivocal, and inconsistent with the contract." The excluded evidence of the defendants tended to show a complete waiver on the part of plaintiff, and further, that there was a new contract to take the place of the written contract, which the plaintiff failed and refused to carry out, and this precludes him from asking for specific performance.

While parol evidence is not admissible to vary or contradict a written agreement, yet when the agreement is not one which the statute requires to be in writing, it is competent to show by parol that only part of the agreement was in writing and what was the rest of the agreement. *Nissen v. Mining Co.,* 104 N. C., 309; *Colgate v. Latta,* 115 N. C., 138; *Taylor v. Hunt,* 118 N. C., 171; *Sams v. Price,* 119 N. C., 573; *Bresee v. Crumpton,* 121 N. C., 125; *Jones v. Rhea,* 122 N. C., 725; *Ivey v. Cotton Mills,* 143 N. C., 194; *Stern v. Benbow,* 151 N. C., 462; *Audit Co. v. Taylor,* 152 N. C., 274; *Kernodle v. Williams,* 153 N. C., 476; *Rogers v. Lumber Co.,* 154 N. C., 112; *Lumber Co. v. Brown,* 160 N. C., 283. Indeed, no proposition of law can be better settled. This contract being a mere authority to a broker to sell real estate, his authority was not required to be in writing. *Lamb v. Baxter,* 130 N. C., 67; *Abbott v. Hunt,* 129 N. C., 403; *Smith v. Brown,* 132 N. C., 365.

The court also erred in refusing the prayer to instruct the jury that the defendants had a right to show that the written contract was not all of the contract, but that certain parts were omitted and were in parol and that a certain part had been inserted by mistake and inadvertence.

*Evans v. Freeman,* 142 N. C., 61; *Typewriter Co. v. Hardware Co.,* 143 N. C., 97; *Brown v. Hobbs,* 147 N. C., 73. If there was a mistake in the insertion or omission of matter by Mr. Austin, his evidence was competent to prove that fact, and the Court would correct the mistake. *Warehouse Co. v. Ozment,* 132 N. C., 839; *King v. Hobbs,* 139 N. C., 173; *Bourne v. Sherrill,* 143 N. C., 381.

The court also erred in refusing to charge the jury, as prayed, that contracts with brokers to sell real estate need not be in writing, and that the terms of such agreement may be proven by parol. *Abbott v. Hunt,* 129 N. C., 403, and cases there cited and cases since, citing that case. See Anno. Ed.

This contract need not have been in writing, and if only part was in writing, the other part could be shown by parol. It was competent to show that it was abrogated by a subsequent parol agreement. And it was also competent to show that there were errors by mutual mistake or by mistake of the mutual agent in drawing up the instrument. Of course, if it was not abrogated and there was not mutual mistake in any of its terms, the writing was conclusive as to the agreement of the parties, so far as it went, and could not be contradicted or varied by a contemporaneous parol agreement.

In the exclusion of evidence and in the refusal to charge as above set out there was

Error.