JAMES WILLIAM McNEILL v. MAYS MANUFACTURING COMPANY AND BAXTER SHEMWELL.

(Filed 29 November, 1922.)

**1. Limitation of Actions—Corporations—Merger—Novation.**

The formation of a new corporation, with the same stockholders, to take over the assets of an existing corporation and assume its obligations, does not, in assuming the debts, create a new contract or novation of the old debts in contemplation of the statute of limitations, but is only a continuation thereof; and a creditor in his action against the new corporation to recover the debt due by the former one with which it has merged, must show that he has commenced his action within the statutory three years, when the statute has been pleaded, and may only recover for such items as fall within the time therein limited.

**2. Limitation of Actions—Contracts—Debtor and Creditor—Novation.**

> A novation to repel the bar of the statute of limitations contemplates a new debtor and a contract in favor of the same or another creditor, and the statute in such instances begins to run from the date of the new promise.

**3. Same—New Promise.**

> Where the creditor has received a promise on behalf of his debtor that the amount owed him would be paid, when the former should have received sufficient funds, etc., the statute of limitations begins to run at the date when the promise, if sufficient, was made.

APPEAL by defendant manufacturing company from *Long, J.,* at February Term, 1922, of DAVIDSON.

The defendant Baxter Shemwell organized the Accounting Machine Company, a Nevada corporation. Subsequently he organized the Mays Calculating Machine Company in Delaware, and the plaintiff brings this action for services rendered in such organization during the months of January, February, and March, 1917; and in his complaint states that he "rendered all the above named, together with other legal services for the Mays Colculating Machine Company." Later on in the spring and summer of 1918 the said Baxter Shemwell organized the Mays Manufacturing Company under the laws of North Carolina for the purpose of taking over the business of the Mays Calculating Machine Company, and on 24 June, 1918, the defendant Mays Manufacturing Company, by a written agreement, did take over said business, together with all the assets and assumed all the liabilities of the said Mays Calculating Machine Company. The plaintiff alleges that thereby it received the benefit of all the plaintiff's services, and he estimates the value of his services at $1,500. At the trial a nonsuit was taken as to Baxter Shemwell.

The defendant, the Mays Manufacturing Company, pleaded a general denial, and also the three years statute of limitations. From the judgment against said company it appealed.

*Sink & Brinkley and J. F. Spruill for plaintiff.*
*Parker, Stewart, McRae & Bobbitt for defendant.*

CLARK, C. J. The defendant's 14th assignment of error is to the following instruction of the court: "Now, if you find that this defendant company took over the liabilities and property of the first company, in other words, assumed its indebtedness, and this was done in June, 1918, and you find that this action was started in July, 1920, and you find there was an indebtedness that was actually made by this company, and its predecessor to this plaintiff for services rendered, then it would not be barred by the statute of limitations."

This action was begun 13 July, 1920. The transfer from the Mays Calculating Machine Company to the Mays Manufacturing Company, this defendant, took place on 24 June, 1918. Most, if not all, the indebtedness sued upon was created in January, February, and March, 1917, and as to those services the plaintiff's action is barred by the statute of limitations, unless, as the judge here charges, by the merger there with defendant company created a new period for the beginning of the statute. He instructed the jury that the action would not be barred by the statute of limitations if the transfer took place in June, 1918.

The fact that the two companies had made a deal whereby the Mays Manufacturing Company assumed the indebtedness of the Mays Calculating Machine Company did not make a new contract as to such liabilities. The manufacturing company simply occupies the same position as the calculating machine company, both by the reason of the contract and because the two companies are composed, according to the evidence, of the same stockholders, directors, and officers. The defendant Mays Manufacturing Company does not deny its liability for the indebtedness of the calculating machine company. The question presented, however, is whether the statute of limitations began to run anew from the assumption of the indebtedness by the manufacturing company. In another part of the charge the court told the jury that the plaintiff was required to show that his services became due after 13 July, 1917. The defendant contends that this charge is conflicting and ground for a new trial. *Williams v. Haid,* 118 N. C., 486; *Vanderbilt v. Chapman,* 175 N. C., 14.

The court told the jury that "where a corporation engaged in a business transfers its entire property rights and franchises to a new company, incorporated and organized by the same stockholders and directors as the old one, and the new company continues the business and adopted the contracts of its predecessor, the effect of such a merger is to create and to substitute the new one as a debtor, and in such case it is not necessary to obtain the consent of the creditors of the old company to the change. By a merger of an old into a new corporation and the novation of the debts of the old creates the new corporation, which is to all intents and purposes the same body and answerable for the contracts of the old company under a different name."

For this the plaintiff relies upon *Friedenwald Co. v. Tobacco Works,* 117 N. C., 544, where this proposition is laid down and the Court does use the word "novation," but while the effect of that decision is correct, as stated, to continue the same liability against the new company that existed against the former company, there is no reference to the effect upon the statute of limitations, which is the question here presented.

Indeed, the use of the word "novation" is an inadvertence. At that same term, in *Barrington v. Skinner,* 117 N. C., 48, the Court held that "the acceptance of new notes in renewal and in lieu of the former notes given for the purchase of property is not a novation or a relinquishment of the security afforded by the registration of an agreement that the vendor should retain title until such notes are paid."

Novation is defined in *Clark v. R. R.,* 138 N. C., 31, quoting 1 Parsons on Contracts, 217; 9 Cyc., 377, as follows: "A transaction whereby a debtor is discharged from his liability to his original creditor by contracting a new obligation in favor of a new creditor by the order of the original creditor."

"The discharge of a debt, due from one man and charging it to another man with the consent of all the parties concerned, illustrates the doctrine of novation. The discharge of the original debtor is a sufficient consideration for the promise of the substituted debtor to assume the debt. *Barnhardt v. Star Mills,* 123 N. C., 428; *Palmer v. Lowder,* 167 N. C., 331."

In 29 Cyc., 1131, it is held that "to constitute a novation by substitution of creditor or debtor there must be a mutual agreement among three or more parties, whereby a debtor, in consideration of being discharged from his liability to his original creditor, contracts a new obligation in favor of a new creditor."

In the case of a novation, there is a new debtor and a new contract in favor of the same or another creditor. In such case, the statute of limitations of course begins to run from the new promise.

But that is not the case here where the same debt is continued by the merger of an old corporation into a new one with the same stockholders and officers and the taking over of the assets and the liabilities of the old company. This is simply a change in name by the debtor. There is no new promise. The agreement is that the new company will take over, together with the assets of the former company, its liabilities. It is the same old debt, and the statute runs from the date of the creation of the debt in favor of the creditor. The court erred, therefore, in not granting the prayer of the defendant that the defendant was not liable for any indebtedness as to which 3 years had expired at the beginning of this action. Indeed, there is slight, if any, evidence of the creation of any indebtedness within the 3 years before the beginning of this action, and the statute being pleaded, the burden was upon the plaintiff to show what part, if any, of the indebtedness was created within 3 years before action brought.

The plaintiff testified that he was led to believe by Mr. Shemwell that the company was somewhat a matter of speculation and the realization of money was in expectancy, but that he would be paid for his services

whenever the company realized means to pay him. He contended, therefore, the statute of limitations did not run, and that the Mays Manufacturing Company assumed that indefinite liability.

For this proposition the plaintiff relies upon *Helsabeck v. Doub,* 167 N. C., 205. In that case the agreement was that A. should receive compensation for services rendered B. at the death of B.; that being a definite period for payment, the statute of limitations did not begin to run until the death of B. The same would be true as to a note or any other obligation maturing at a fixed time in the future, or on an event which must happen. In such case, the statute would begin to run from the maturity of the obligation, but where, as in this case, there is alleged a promise to pay at some future day when the debtor should receive sufficient funds, the statute began to run at the date of the promise, and there is not such a continuing indebtedness as to suspend the running of the statute and the assumption by the defendant of the debts of the former company in no wise affected the running of the statute.

The court should have granted the prayer of the defendant to charge that "the plaintiff is not entitled to recover in this action for any services rendered prior to 13 July, 1917, as all amounts due for services prior to that date are barred by the statute of limitations."

The case must go back for a new trial, and the plaintiff should show what part of the indebtedness, if any, was created within 3 years prior to the beginning of this action.

Error.